PER CURIAM.
Appellant moved this court for an order to change its appeal, which it had designated as interlocutory, to an appeal from a final decree.
The decree involved, which was rendered in a suit for declaratory decree, contained a reservation of jurisdiction for further proceedings as follows:
“It is further considered, ordered and decreed that the court retains jurisdiction to conduct such further proceedings in this action as are just, including, among other things, a determination and adjudication of the issues raised by paragraphs 6 and 7 of plaintiff’s complaint.”
Appellant’s attorneys first considered the decree to be interlocutory rather than final, and filed the appeal on that basis. They now are in doubt as to whether the decree was interlocutory or final. In the argument, counsel for appellee opposed the motion and contended that the decree was interlocutory, and that the present appeal is the proper one and should not be changed to a “final decree” appeal.
*826 Appellee’s contention on that point is correct. The reservation of jurisdiction contained in the decree, contemplating the further exercise of judicial labor in regard to questions remaining unsettled in the case, makes it interlocutory. See Hodges v. Logan, Fla.1955, 82 So.2d 885.
Appellant’s motion is denied.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.