105 So.2d 497 (1958)
OLIN's Inc., a corporation, Appellant,
v.
AVIS RENTAL CAR SYSTEM OF FLORIDA, Inc., a corporation, Appellee.
No. 57-432.
District Court of Appeal of Florida. Third District.
September 30, 1958.
Rehearing Denied October 24, 1958.
Joseph I. Davis, Eaton & Achor and Matthews & Quinton, Miami, for appellant.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellee.
*498 PER CURIAM.
The appellee Avis Rental Car System of Florida, Inc., filed a suit in equity in the Circuit Court of Dade County for declaratory decree against the appellant Olin's, Inc. The chancellor granted a summary final decree in favor of the plaintiff. Because certain questions were left undetermined by the decree, we ruled it interlocutory (Fla. App., 100 So.2d 825). On the appeal taken to this court we reversed the summary decree (102 So.2d 159), holding that the cause was not one for declaratory decree.
The Supreme Court of Florida quashed our opinion and judgment (104 So.2d 508, 511), saying:
"The whole basis of the District Court's opinion was its erroneous conclusion that the defendant was bound by the admissions made in its motions to dismiss and to transfer, even though these motions were denied by the trial court; so the decision here reviewed should be and it is hereby quashed and the cause remanded to the District Court for consideration of the other questions presented on the interlocutory appeal and which were not decided since, under the view taken by the court on that appeal, it was unnecessary."
The appellee corporation, which we will refer to as Avis, held a contract with the Dade County Port Authority to operate a rental car business at the Miami International Airport. Olin's Inc., which we will refer to as Olin, had made a contract with Avis to operate the business as the licensee of Avis, for a consideration. Avis' contract with the Port Authority was to expire November 12, 1958. The controversy between the parties concerned a new contract to be effective after November 12, 1958. Relying on a provision of the contract between them, Avis contended that Olin was prohibited from making an application to the Port Authority for a new contract, and that by doing so Olin had breached their contract. Olin claimed that during 1957 an agreement had been reached between them for Olin to apply to the Port Authority for a new contract in Olin's name, for their mutual benefit, and that no breach of the contract had resulted.
A fuller statement of the essential facts as contained in the pleadings, and in the material filed in support of and in opposition to Avis' motion for summary judgment, is disclosed in the earlier opinions in this case, reported in 102 So.2d 159 and 104 So.2d 508.
The remaining questions to be determined by this court on the appeal are whether the court was in error in holding that there was no genuine issue to be tried and in granting a summary decree (raised by the second assignment of error), and whether the court erred in denying the defendant's motion to transfer the cause to the law side of the court (raised by the third assignment of error).
On the first of those questions, while the court was privileged to entertain the plaintiff's motion for summary judgment, before answer, as held and pointed out in our earlier opinion (102 So.2d 159, at page 163), the record discloses there were genuine and material issues of fact as to whether there had been a breach of the contract for which it could be cancelled. In our opinion in this case in 102 So.2d 159, we referred to the factual disputes as disclosed by the record which necessitate trial of the issue relating to breach of contract. The necessity for trial of that issue precluded the entry of summary judgment.
When a trial court has for consideration a plaintiff's motion for summary judgment before the defendant has answered, the summary judgment should not be granted unless it is clear that an issue of material fact can not be presented. See Moore's Federal Practice, § 56.07, p. 2044. Cf. Ludlow Mfg. & Sales Co. v. Textile Workers Union, D.C.Del., 108 F. Supp. 45, 51.
*499 In dealing with such a question under the equivalent Federal Rule 56, 28 U.S.C.A., this point was elaborated on in Stuart Inv. Co. v. Westinghouse Electric Corp., D.C. Neb., 11 F.R.D. 277, 280, as follows:
"* * * But although a motion by a claimant for summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions mentioned in the preceding paragraph must be kept in view. And within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact.
"In the present circumstances, the court cannot with assurance and certainty reach that conclusion. On the contrary, without suggestively identifying them, the court can perceive more than one issue which the defendant in the instant case might tender by answer. And it will not abruptly and rashly intercept the presentation of any such defensive matter through the entry of a summary judgment."
On the second question, as to transfer to the law side of the court, we hold that the trial court was not in error in denying such motion. The suit was properly in equity because of the equitable relief sought with reference to the new Port Authority contract if Olin should acquire it on the disputed application. Olin's contention that it was entitled to have the issues relating to the breach of contract tried before a jury did not require transfer, of this cause for declaratory decree, to the law side of the court, because under the declaratory judgment statute provision is made for particular issues which are appropriate for trial before a jury to be submitted to a jury for determination.[1]
Accordingly, the summary decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.
NOTES
[1] § 87.08, Fla. Stat., F.S.A., reads:

"When a proceeding under this chapter involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the circuit court in which the proceeding is pending. In order to settle questions of fact necessary to be determined before judgment can be rendered, the circuit court may direct their submission to a jury. * * *"