HORTON, Chief Judge.
This interlocutory appeal was initially filed in the Supreme Court of Florida, and by order of that court, dated July 31, 1959, was transferred to this court for hearing and determination.
The appellant here was the defendant below and has appealed from an interlocutory decree in an action for declaratory relief. The chancellor decreed that the appellant was liable under the terms of a lease to make repairs to and maintain a septic tank on certain premises, a portion of which were under lease to the appellee. The appellee by the terms of the lease agreement was demised the following:
“Processing Room in building known as 6891 N. W. 37th Avenue, Miami, Florida, said Processing Room being approximately 200 feet long and approximately 30 feet wide, and said Processing Room being equipped with a cooler approximately 18 feet by 40 feet.”
Another portion of the lease provided that the appellant, as lessor, agreed to keep the exterior of the building in good repair, while the lessee-appellee agreed to *464 keep the interior of the building in good repair.
A controversy arose between the appellant, as lessor, and the appellee, as lessee, as to who was responsible for the maintenance and repair of the septic tank, utilized by the appellee, but which was located on the exterior of the building demised. Upon this basis, the appellee instituted a suit for declaratory relief in which it contended that the appellant-lessor was responsible for the maintenance and repair of the septic tank, and, in addition, sought judgment against the appellant for sums advanced for repair of the septic tank.
The appellant answered the complaint, denying the material allegations except that portion alleging the execution of the lease and those allegations as to the content of certain portions of the lease. In addition, the answer contained a motion to dismiss and an affirmative defense. The motion to dismiss was denied; however, at the final hearing the motion was renewed, whereupon the court, without hearing testimony, took the matter under consideration and subsequently entered the order from which appeal has been taken.
Basically, the appellant makes three contentions. First, that the complaint did not state a cause of action under the declaratory judgment act; second, that the chancellor’s construction of Chapter 87, Fla. Stat., F.S.A., contravened Section 12, Declaration of Rights of the Florida Constitution, F.S.A. in that it denied the appellant the right to produce evidence in support of its defense; and third, that the chancellor erroneously determined that the appellant was obligated under the lease to repair the septic tank.
The appellant argues that the complaint did not sufficiently state a cause of action to invoke the declaratory judgment act since there was no showing of a bona fide dispute or doubt which would require a declaration. Considering the allegations of the complaint, particularly that portion which specifically pointed up the legal doubt of the appellee as to its rights or duties under the lease, we think they were sufficient to invoke the provisions of the declaratory judgment act. The appellee declared upon a written instrument, to-wit: a lease, which provided that the appellant would keep the exterior of the building in good repair, and the appellee would maintain and keep in good repair the interior of the building. Since the septic tank was located on the outside of the building, doubt arose as to whether or not, by the terms of the lease agreement, the appellee was legally responsible for its repair. We think the chancellor was eminently correct in entertaining the complaint under the allegations. See Ready v. Safeway Rock Company, 157 Fla. 27, 24 So.2d 808; Florida National Bank of Jacksonville v. Rector, Wardens and Vestry of St. John’s Parish, Fla.1950, 45 So.2d 751; Rosenhouse v. 1950 Spring Term Grand Jury, Fla.1952, 56 So.2d 445; Local No. 234, etc., v. Henley & Beckwith, Fla.1953, 66 So.2d 818; Modernage Furniture Corp. v. Miami Rug Co., Fla. 1955, 84 So.2d 916; James v. Golson, Fla. 1956, 92 So.2d 180; Title and Trust Company v. Title Guaranty and Abstract Company, Fla.1958, 103 So.2d 211; and see 9 Fla.Jur., Declaratory Actions, § 25.
It is further contended that appellant has been deprived of due process by the court’s failure to permit evidence in support of appellant’s view as to the proper construction of the lease. We conclude that this contention is without merit. The appellee did not contend that the lease provision was ambiguous but that it was in doubt as to its rights and responsibilities under the provision. The lease provided that appellant would “ * * * keep the exterior of the building in which are situated the demised premises, in good repair * * The appellee covenanted to keep the interior of the demised premises in good repair. The only portion of the premises demised to appellee was the “Processing Room” within the building. No amount of parol testimony, short of *465 varying the terms of the lease, could have determined the legal rights and duties of the respective parties under the lease. This was a question of law. Collaterally, the appellant argues that by taking jurisdiction, the chancellor deprived the appellant of a trial by jury guaranteed by Section 3 of the Declaration of Rights of the Florida Constitution. Chapter 87, Fla. Stat., F.S.A., does not contemplate a jury trial, although provision is made therein for submission of issues of fact in such cases for determination by a jury. See Coast Cities Coaches v. Whyte, Fla.App. 1958, 102 So.2d 848. The record here does not reveal any appropriate factual issue which would warrant a submission to a jury. The main question was one of construction of the contract and was primarily a question of law to be ruled upon by the court.
In this regard, the appellant also urges that the chancellor failed to permit evidence on the issues but proceeded to an adjudication without testimony or evidence. Nowhere have we been able to find, and the appellant has not made it appear, upon what issues testimony should have been taken or evidence submitted. The chancellor did not determine that there was a breach of the lease as such; he simply declared the liability of the parties under the terms of the lease for repair and maintenance. It might also be pointed out that no request was made of the chancellor for permission to offer testimony or evidence, and absent such request, and a denial thereof, no prejudicial error has been made to appear.
Having considered all of the arguments advanced by the appellant, we conclude that the chancellor was correct in his determination, and the decree appealed should be and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.