131 So.2d 20 (1961)
OLIN'S, INC., a corporation, Appellant,
v.
AVIS RENTAL CAR SYSTEM OF FLORIDA, a corporation, Appellee.
No. 61-108.
District Court of Appeal of Florida. Third Circuit.
June 8, 1961.
Achor & Massey, Miami, for appellant.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellee.
CARROLL, CHAS., Judge.
We deal once again with this case. See Olin's, Inc. v. Avis Rental Car System of Florida, Fla.App. 1958, 100 So.2d 825; Id., Fla.App. 1958, 102 So.2d 159, certiorari granted, Id., Fla. 1958, 104 So.2d 508; Id., Fla.App. 1958, 105 So.2d 497. On the last *21 appearance, we reversed a summary judgment against Olin and remanded the cause for further proceedings, saying (105 So.2d at page 498):
"* * * [T]he record discloses there were genuine and material issues of fact as to whether there had been a breach of the contract for which it could be cancelled. In our opinion in this case in 102 So.2d 159, we referred to the factual disputes as disclosed by the record which necessitate trial of the issue relating to breach of contract. The necessity for trial of that issue precluded the entry of summary judgment."
As bearing on Olin's right to a jury trial of the issues relating to breach of contract, which would be issues as to the claimed breach and damages therefor, we there said (105 So.2d at page 499):
"On the second question, as to transfer to the law side of the court, we hold that the trial court was not in error in denying such motion. The suit was properly in equity because of the equitable relief sought with reference to the new Port Authority contract if Olin should acquire it on the disputed application. Olin's contention that it was entitled to have the issues relating to the breach of contract tried before a jury did not require transfer, of this cause for declaratory decree, to the law side of the court, because under the declaratory judgment statute provision is made for particular issues which are appropriate for trial before a jury to be submitted to a jury for determination."
The present appeal is interlocutory. It seeks reversal of an order denying leave to Olin to file an amended answer and counterclaim and refusing Olin's demand for jury trial. The denial of leave to file an amended answer and counterclaim is affirmed. On that feature, the appellee argued correctly that Olin's defenses have already been pleaded sufficiently to raise the triable issues. However, the refusal of the request for jury trial on the issues as to breach of contract must be reversed.
The right of trial by jury as secured by the Constitution[1] is preserved and available in proceedings under Chapter 87, Fla. Stat., F.S.A., for declaratory judgment or decree whether filed at law or in equity, for issues traditionally triable by jury at common law, and it was so held in Miller v. Doss, 160 Fla. 660, 36 So.2d 442, where the Supreme Court said, "The [declaratory judgment] statute takes care of the sacred right of trial by jury." See also Lincoln Tower Corp. v. Dunhall's-Florida, Fla. 1952, 61 So.2d 474; Coast Cities Coaches v. Whyte, Fla.App. 1958, 102 So.2d 848, 851; Zero Food Storage, Inc. v. Henderson's Sea Food, Inc., Fla.App. 1960, 121 So.2d 462; Annotation 1950, 13 A.L.R.2d 777.
The right of trial by jury exists as to those issues which were triable before a jury at common law, regardless of the form of suit or proceeding which may be devised or used for their solution. Thus in Wiggins v. Williams, 36 Fla. 637, 18 So. 859, 863, 864, 30 L.R.A. 754, it was said:
"* * * The third section of the bill of rights does not grant the right of trial by jury, but secures or guaranties such right existing at the time of the adoption of the constitution. We said in Buckman v. State, 34 Fla. 48, 15 South. 697, 24 L.R.A. 806, that `when the right of trial by jury is secured by constitutional provision in general terms like ours, and without any qualification or restriction, it must be understood as retained in all those cases that were triable by jury according to the course of the common law. The provision in the first constitution, framed in 1838, that the right of trial *22 by jury shall forever remain inviolate, contemplated, without doubt, a continuation of jury trials in all cases where such was the practice at the common law, and there is nothing in the subsequent constitutions to indicate a change of meaning in this respect.' * * *"
"* * * A principle has been established in the jurisprudence of this country that new rights unknown to the common-law procedure of trial by jury may be created, and provision made for their determination in the absence of a jury, without violating the constitutional provision we are considering. But, while it may be competent for the legislature to create new tribunals without common-law powers to adjudicate new rights without a jury, the mere change in form of an action will not authorize the submission of common-law rights to a court in which no provision is made to secure a trial by jury. * * *"
The latitude and discretion reposed in the court in cases filed under Chapter 87 to select the occasions for assigning issues for trial by jury, is to be applied in determining whether the cause of action or issue for which it is requested is one which traditionally was triable by jury at common law. The constitutional guarantee of jury trial must be maintained inviolate. That guarantee was preserved under Chapter 87. Therefore, the discretion of the court does not extend to a privilege to grant or deny a requested jury trial, in a suit for declaratory decree, of a cause of action or issue which clearly is one which was triable by jury at common law. A denial of such a request would violate § 3 of the Declaration of Rights of the Constitution. Here there was little or no room to question the character of the cause or issue to be tried as being one triable by jury at common law. A cause of action for damages for an alleged breach of contract clearly comes within the category under discussion. Winter Garden Citrus Growers' Ass'n v. Willits, 113 Fla. 131, 151 So. 509, 511, held: "What will constitute a breach of contract is a matter of law to be determined by the court. Whether or not that has occurred which would constitute a breach of contract is a matter of fact to be determined by a jury." See 5 Moore's Federal Practice, § 38.11(5); 17 C.J.S. Contracts § 630; 50 C.J.S. Juries § 16(c).
Therefore the order appealed is, in the respects set out above, affirmed in part and reversed in part.
It is so ordered.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] "The right of trial by jury shall be secured to all, and remain inviolate forever." Declaration of Rights, § 3, Fla. Const., 25 F.S.A.