PER CURIAM.
We are presented with a petition for the Writ of Certiorari by Olin’s Rent-A-Car System, Inc. The petition seeks review of a rule to show cause directed to the petitioner.
The proceedings contained in the record now before us, are ancillary to an action brought by Avis Rental Car System of Florida, Inc., against Olin’s Inc. Other aspects of this litigation have been before this court[1] and the Supreme Court.[2] This *435 record reveals that Avis Rental Car System of Florida, Inc. recovered a judgment against Olin’s Inc. Thereafter Avis took the deposition of the president of the judgment debtor. This deposition was taken pursuant to Rule 1.40 F.R.C.P., 30 F.S.A., “Discovery in Aid of Execution”.
Acting upon information received from the discovery proceedings, Avis Rental Car System of Florida, Inc. (respondent herein) secured the issuance of a writ of garnishment directed to Olin’s Rent-A-Car System, Inc. (the petitioner here). Prior to the filing of garnishee’s answer the trial judge, upon respondent’s motion, issued a rule directed to the garnishee to appear and show cause why it should not be ordered “to produce * * * [its] general and subsidiary ledgers and journals, including details of accounts receivable and rentals receivable, daily business reports or equivalent, detailed vehicle records, copies of all lease agreements with other persons, Federal income tax returns, minute books and stock record books covering the period from November 1, 1958 to date * * *
Petitioner urges that there is no legal basis for the issuance of the rule to show cause. We know of none and respondent has been unable to refer us to a statute or rule of procedure which would authorize the order directed to the garnishee prior to answer and traverse. We do not mean to imply that the procedure employed would be appropriate even after answer and traverse, but we need not determine that question on this appeal.
Respondent counters that the rule was nothing more than a notice to produce obtainable under Rule 1.28 F.R.C.P. It says that the issuance of the rule prior to answer was harmless error because answer and traverse were both filed prior to the adjourned return date of the rule.
Upon petition for the writ of certiorari we must determine if the questioned order is in excess of the court’s jurisdiction or if it fails to conform to essential requirements of law. Brooks v. Owens, Fla.1957, 97 So.2d 693. Having determined that the rule directed to petitioner is without basis in the law it must be quashed. It .may be that respondent may obtain the discovery sought in another way but it may be noted that in any proceeding under Rule 1.28 F.R.C.P., the burden will be upon him to show good cause for the order sought.
The writ is granted and the order to show cause is quashed.
It is so ordered.

. Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.App.1958, 100 So.2d 825; Olin’s Inc. v. Avis Rental Car System of Florida, Fla.App.1958, 102 So.2d 159; Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.App.1958, 105 So.2d 497; Olin’s Inc. v. Avis Rental Car System of Florida, Fla.App.1959, 108 So.2d 656; Olin’s, Inc. v. Avis Rental Oar System of Florida, Fla.App.1960, 125 So.2d 594; Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.App.1961, 131 So.2d 20.

. Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.1958, 104 So.2d 508.