HENDRY, Judge.
This is the latest in a long series of appeals involving the parties herein and the subject matter of this litigation.
We, therefore, deem it unnecessary to go into a detailed discussion of the facts of the case as they are fully reported in the previous appeals.[1]
Briefly stated this case commenced in October, 1957, when Avis Rental Car Sys *610 tem of Florida, Inc., (hereafter Avis) filed a complaint against Olin’s, Inc., (hereafter Olin’s) seeking a declaratory decree adjudicating the rights of the parties under a written contract. The plaintiff alleged in its complaint that it was in doubt as to its rights, status and other equitable or legal relations with the defendant under the terms and provisions of said contract. The particular provisions being referred to are as follows:
“4. Olin’s agrees not to solicit a contract with said airport, county commission or anyone in authority in connection with said airport contract, directly or indirectly, either at this time, or at any time during the life of Avis’ contract and any extension thereof during the life of this contract, except if said airport contract should be terminated any time through the fault or through circumstances beyond the control of either party hereto.”
“6. In the event Licensee shall violate any of the terms, covenants, conditions or provisions hereof, Licensor may at its option terminate this Agreement by giving to Licensee, at least ten (10) days prior to such termination date written notice of its intention to terminate this Agreement, specifying therein the date on which such termination shall become effective.”
The case went to trial with a jury on plaintiff’s second amended complaint and the defendant’s answer. The issues raised by the pleadings were whether Olin’s had breached its agreement with Avis and, if so, the amount of damages Avis was entitled to recover. The trial consumed almost two days during which time witnesses testified on behalf of the plaintiff and the defendant and numerous exhibits were introduced in evidence. After all of the evidence was in and the parties had rested the plaintiff moved the court for a directed verdict. The motion was granted as to liability but given to the jury on the question of damages. The question of damages was submitted to the jury by the court without any instructions from the court. The jury returned a verdict for the plaintiff in the amount of $125,596.18. A partial final decree followed the verdict. It is from the partial final decree that this interlocutory appeal is taken.[2]
The appellant, Olin’s, urges several grounds for reversal. The first one we shall consider is the propriety of the trial judge’s action in directing a verdict as to liability for the plaintiff. Appellant contends that the trial judge was in error in directing the verdict because he failed to consider all of the facts adduced by the defendant’s witnesses as either (1) true, or (2) in the light most favorable to the defendant, or (3) resolved conflicting facts in favor of the defendant.
We have reviewed the testimony of all the witnesses together with the exhibits admitted in evidence. From such study we are convinced that the appellant’s position has merit and therefore the trial judge should not have directed such verdict. The Supreme Court of Florida, in Hilkmeyer v. Latin American Air Cargo Expediters, Fla. 1957, 94 So.2d 821, stated at page 824:
“This Court’s views have recently been recorded:
“ ‘Power to direct a verdict should be cautiously exercised and the same should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party *611 could a verdict for the adverse party be sustained. * * * A party moving for a directed verdict admits not only facts shown by the evidence, but also reasonable inference favorable to the adverse party that the jury might fairly and reasonably arrive at from the evidence, and if the evidence is conflicting, or evidence tending to prove the issues, the case should be submitted to the jury as a question of fact under appropriate instructions.’ Katz v. Bear, Fla.1951, 52 So.2d 903, 904.”
See Oppenheimer v. Werner, Fla.1950, 46 So.2d 870; Chaney v. Headley, Fla.1956, 90 So.2d 297; Bryan v. Loftin, Fla.1951, 51 So.2d 724; Mullis v. City of Miami, Fla. 1952, 60 So.2d 174. See also § 54.17, Fla. Stat., F.S.A.
The appellant also assigned as error the trial judge’s refusal to permit Olin’s witnesses, Stacy Rowell and Jerome Green, to testify as to the ambiguity and doubtful effect of paragraph four of the agency contract between Avis and Olin’s.
In McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 So. 492, the Supreme Court said at page 493:
“It is a well-settled rule that parol evidence is not admissible to vary or contradict the terms of a written instrument, and that a written contract which is intelligible on its face must control; the parties understanding fully what the contract contains. Jenkins v. Lykes, 19 Fla. 148, 45 Am.Rep.19. While this is true, yet it is also equally true that parties to a written agreement may prove facts consistent with the agreement although not expressed in it. *=!==(= »
See Friedman v. Virginia Metal Products Corp., Fla.1952, 56 So.2d 515, 33 A.L.R.2d 956.
The trial judge determined that the language used in the contract in question [3] was clear, definite and unambiguous and therefore refused to permit the parol testimony proffered by the defendant.
As the court stated in the Friedman case, supra:
“It is a cardinal rule that the construction of all written instruments, is a question of law and belongs to the courts, provided: ‘the language used is clear, plain, certain, undisputed, unambiguous, unequivocable, and not subject to conflicting inferences’. * *
Applying the above rule to the contract in question we are of the opinion that the trial judge was correct in excluding parol testimony proffered by the defendant.
Having reached the conclusion that the trial judge committed reversible error in directing a verdict for the plaintiff on the question of liability and that the cause must be reversed fpr a new trial we find it unnecessary for us to rule on the other questions posed here for adjudication.
Reversed for further proceedings in accordance with this opinion.

. See Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.App.1958, 100 So.2d 825; Id., Fla.App.1958, 102 So.2d 159; Id., Fla.1958, 104 So.2d 508; Id., Fla.App.1958, 105 So.2d 497; Id., Fla.App.1961, 131 So.2d 20.

. The decree was partial in that the court provided in part as follows:
“IT IS FURTHER ORDERED and DECREED that the Court hereby reserves jurisdiction of the cause to determine and adjudicate the nature and extent, if any, of the further relief prayed for and to which the plaintiff may be entitled by way of an accounting or other purely equitable remedy; such determination to be considered and made pursuant to such further orders and decrees as equity may require.”

. The applicable portion of the contract reads as follows:
“Olin’s agrees not to solicit a contract * * * either at this time or at any time during the life of Avis’ contract * * * and any extension thereof during the life of this contract * *