CARROLL, Judge
(concurring in part and dissenting in part).
I concur in the judgment of reversal and the remand for new trial, but I respectfully dissent from the maj ority holding that it was not error to reject evidence of the intent of the parties as to the provision of the contract by which Olin agreed not to seek a concession contract from the county during the effective period of the Avis-County contract. From its outset, this suit for declaratory decree has hinged on the meaning and effect of that provision.[1]
*612 Here there was a latent ambiguity, and extrinsic evidence bearing on the intent of the parties, therefore, was admissible.[2] A latent ambiguity exists when a contract provision, clear on its face, is shown by some extraneous fact to present an equivocation, by being susceptible to two meanings or applicable to two or more subj ects.
The only debatable question would appear to be whether a latent ambiguity is presented. If it is, then parol evidence is admissible to resolve it and it is the duty of the trial court to allow such evidence including declarations of the parties in order to give effect to that meaning which the parties intended for the instrument. To hold that such evidence when offered to resolve a latent ambiguity may properly be rejected, is to rule in conflict with established authority on the point. See footnote No. 2.
The provision by which Olin agreed not to solicit a concession contract while the Avis-County contract lasted, was clear and unambiguous on its face. The latent ambiguity arose as a result of the extraneous fact that Avis’ rental car concession contract was not exclusive. Others were free to obtain such a concession contract from the county, and to compete with Avis during that period. The county could grant such competing contracts to others. In that circumstance, the restrictive provision could fit either of two meanings. It could have been intended (as claimed by Olin) to prohibit Olin from obtaining a concession contract under which Olin would compete with Avis during the term of Avis’ contract with the county, or it could have been intended (as claimed by Avis) to prohibit Olin from obtaining, during the Avis-County contract period, a concession contract for use by Olin at a- future date after termination of the Avis-County contract. If the former meaning was the one intended by the parties there was no breach of the contract. If the latter was intended, that is, that Olin should not seek a concession contract to be effective after the term of the pending Avis-County contract, then there would appear to be a breach unless Olin should prevail on the issue raised by its contention that Avis authorized Olin to bid for a new rental car concession contract for their mutual benefit.[3]

. “Olin’s agrees not to solicit a contract with said airport, county commission or *612 anyone in authority in connection with said airport contract, directly or indirectly, either at this time, or at any time during the life of Avis’ contract and airy extension thereof during the life of this contract, except if said airport contract should be terminated any time through the fault or through circumstances beyond the control of either party hereto.”

. The rule that extrinsic evidence is proper to resolve a latent ambiguity is well established. See Friedman v. Virginia Metal Products Corp., Fla.1952, 56 So.2d 515, 516-517, 33 A.L.R.2d 956; Whitfield v. Webb, 100 Fla. 1619, 131 So. 786, 788; Holmes v. Kilgore, 89 Fla. 194, 103 So. 825, 827; Cawthon v. Stearns Culver Lumber Co., 60 Fla. 313, 53 So. 738, 739; La Fayette Land Co. v. Caswell & Knight, 59 Fla. 544, 52 So. 140. 141; Solary v. Webster, 35 Fla. 363, 17 So. 646, 649; Atlantic & Gulf Properties, Inc. v. Palmer, Fla.App.1959, 109 So.2d 768, 770-771; 9 Wigmore, Evidence (3rd ed. 1940) § 2472.

. Olin’s answer did not expressly plead this as an affirmative defense, but the issue had a basis in the pleadings, from paragraph 3 (i) of the complaint and the answer thereto. Previously Olin had taken that position in opposing a motion for summary judgment before answer. See Olin’s, Inc., v. Avis Rental Car System of Florida, Fla.App.1958, 102 So.2d 159, 162; id., 105 So.2d 497, 498. Triable issues as to breach of contract, represented by that contention and by Olin’s contention the agreement was not to seek a present competing contract (answer to complaint par. 3(d), were considered sufficiently pleaded to justify denial of Olin’s motion before trial to enlarge the answer. See id., 131 So.2d 20, 21.