TILLMAN PEARSON, Judge.
The determinative question on this appeal is whether on this record it was error to enter a summary final judgment for the plaintiff, appellee, prior to the filing of defendant’s answer. We hold that the judgment was erroneously entered because of the rule that a plaintiff’s motion for summary judgment before the defendant has answered should be denied unless it is clear that an issue of material fact cannot be presented. Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.App. 1958, 105 So.2d 497, and authorities cited therein.
The appellee, Board of County Com-» missioners of Dade County, Florida, acting as the Dade County Port Authority (hereafter referred to as Port Authority) brought an action against the appellant, Olin’s, for allegedly past-due payments on a contract for use of the Miami International Airport facilities in Olin’s rental car *428 business. The co-defendant, United States Fidelity & Guaranty Company, was alleged to be a guarantor of these payments. The complaint did not attach a copy of the contract under which the payments were allegedly due but set forth only those portions which the plaintiff, Port Authority, conceived to be essential to its cause of action.
The defendant moved for a more definite statement and sought an order requiring the plaintiff to attach the contract in full. This motion was denied. Defendant also moved to dismiss the complaint upon the ground that the contract, which was not attached, required an arbitration of the controversy between the parties. Prior to a ruling on this motion and before answer, the Port Authority moved for a summary judgment. In response to the motion for summary judgment, the defendant filed an affidavit in which it again urged its right to arbitration and in addition, claimed a defense based upon the stoppage of business during an airline strike.
The appellee agrees that, if well pleaded, the matters contained in the various motions and the affidavit in opposition to summary judgment might have constituted a defense or a partial defense to the action but appellee urges that the failure to present these matters either by answer or counterclaim was fatal to appellant’s alleged defense. This argument fails because the time for defendant’s answer had not arrived. It also points out the danger of entering a summary judgment before answer.
In Olin’s v. Avis Rental Car System of Florida, Fla.App.1958, 105 So.2d 497, this court had before it a situation similar to the one now presented. In that case the trial court entered a summary final decree prior to answer. We held that the trial court was in error in finding there was no genuine issue to be tried, because it did not appear to a certainty that no answer, which the adverse party might properly serve, could present a genuine issue of fact. See also Settecasi v. Board of Public Instruction, Fla.App.1963, 156 So.2d 652, and cases cited therein. The summary final judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.