273 So.2d 427 (1973)
Anthony F. BALZEBRE et al., Appellants,
v.
Kaye PEARSON et al., Appellees.
Nos. 72-1024 to 72-1026.
District Court of Appeal of Florida, Third District.
February 14, 1973.
Rehearing Denied March 13, 1973.
*428 Edward C. Vining, Jr. and R.M. MacArthur, Maimi, for appellants.
Jeff Gautier, Podhurst, Orseck & Parks, Horton, Schwartz & Perse, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
In these consolidated cases on appeal, plaintiffs-appellants seek review of the lower court's final summary judgment entered against them in an action to enforce a right of first refusal on the purchase of real estate.
Basically, the case involves defendant Kaye A. Pearson who on October 7, 1971 signed a letter of first refusal to plaintiff Anthony Balzebre on property in which the title was vested in Pearson Development Corporation. Pearson was secretary of the corporation and owned a one-half interest therein. However, the letter of first refusal was signed by Pearson as an individual and not in behalf of the corporation. Thereafter, on April 28, 1972 defendant Pearson Corporation entered into a contract for sale of the subject property with defendant 2600 Douglas, Inc. On May 1, 1972 Balzebre altered the letter of first refusal by having added an acknowledgment and notarization. Further, on the following day he had the letter witnessed by two individuals who were not present at the time of execution. Thereafter, Balzebre assigned the letter to his wife, Dorothy. Appellants alleged that they were not given an opportunity to exercise their right of first refusal and filed suit seeking specific performance, damages, injunctive relief, and declaratory judgment.
The court below as a matter of law concluded that the letter of intent, upon which plaintiffs' complaint is based, was improperly and fraudulently acknowledged, notarized and witnessed and was null and void without legal effect.
The letter of first refusal was signed by Kaye Pearson as an individual and not in behalf of the Pearson Development Corporation. In addition, there was neither authority, express or apparent, nor ratification. Therefore, the letter of first refusal is not binding on the corporation and, consequently, the collateral issues raised by the appellants with regard to their action for specific performance are put to rest. McKnight v. Hialeah Race Course, Inc., Fla.App. 1970, 242 So.2d 478; Florida Capital Corp. v. Robert J. Bisset Constr., Inc., Fla.App. 1964, 167 So.2d 595; 1 Fla.Jur. Agency § 35 (1955).
Further, at the time Pearson signed the first refusal individually, title to the property was vested in the Pearson Corporation and Balzebre had knowledge of this fact. Additionally, the record reflects that there was no consideration between Balzebre and Pearson for Pearson giving the refusal letter. Therefore, any personal liability on the part of Pearson to respond in damages to Balzebre is precluded. See Restatement (second) of Agency § 329 (1951).
We have considered plaintiffs' other points on appeal and find them to be without merit. Accordingly, the judgment herein appealed is affirmed.
Affirmed.
*429 PEARSON, Judge (concurring in part and dissenting in part).
I concur in the affirmance of the summary final judgment for all the appellees except the defendant Kaye A. Pearson. As to that defendant I would hold that there is a genuine issue of fact upon the issue of the existence of consideration for the promise of a first refusal upon the sale of the property.