PER CURIAM.
Appellant plaintiff initiated an action to enforce an alleged right of first refusal in certain real property. Appellees counterclaimed alleging malicious interference with a contractual relationship between ap-pellees and Pearson Development Corporation for the purchase and sale of that property. The act alleged to be malicious and wilful interference was the filing for record of a fraudulent and void document, 1. e., the right of first refusal, for the purpose of clouding the title to the subject property. Prior to appellant answering the counter-claim, both parties moved for summary judgment. Partial summary judgment was entered in favor of the appellees on the issue of liability and summary judgment for appellant was denied on the counter-claims. Appellant seeks review of both these actions of the trial court in these two interlocutory appeals which have been consolidated for appellate purposes.
This action and its progeny have been before us quite recently on numerous occasions.[1] The net result of those appeals has been a finding by this court that the letter purportedly establishing appellant’s right of first refusal was null and void and without legal effect.[2] While closely related to the issues presented in the prior cases before this court, the case sub judice deals with the counter-claim of appel-lees and the propriety of the trial court’s partial granting of appellee’s motions for summary judgment on the issue of liability and his denial of appellant’s motion for summary judgment on those claims.
In Case No. 72-1021 presently before us, the appellant contends that the *447 trial court erred in not granting him summary judgment on the counter-claim against him. We have carefully considered the record, briefs and arguments of counsel in this regard and are of the opinion that the trial judge’s denial of summary judgment was proper in light of this court’s opinion in Case Nos. 72-1024, 72-1025, and 72-1026,[3] affirming a trial court decision holding the right of first refusal claimed and recorded by appellant to be null and void. Therefore, the denial of appellant’s motion for summary judgment appealed from in Case No. 72-1021 is hereby affirmed.
However, in Case No. 72-1020 we are of the opinion that the trial court erred in entering partial summary judgment against appellant on the issue of liability upon the record before the court. It is recognized that a motion for summary judgment made prior to the filing of an answer by the defendant (counter-defendant herein) should be denied unless it is clear that an issue of material fact cannot be presented. Olin’s, Inc. v. Board of County Commissioners of Dade County, Fla.App.1964, 165 So.2d 427; Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.App.1958, 105 So.2d 497. On the state of the record, we do not believe it clearly showed that no genuine issue of material fact could be presented. Accordingly, we reverse the partial summary judgment entered against appellant and appealed from in Case No. 72-1020.
Thus, as to Case No. 72-1020 we reverse and as to Case No. 72-1021 we affirm.

. Balzebre v. 2600 Douglas, Inc., Fla.App.1972, 270 So.2d 433; Balzebre v. Pearson, Fla.App.1973, 271 So.2d 788; Balzebre v. Pearson, Fla.App.1973, 273 So.2d 427 (Case Nos. 72-1024, 72-1025, 72-1026, 3d D.C.A., opinion filed February 14, 1973); Balzebre v. Pearson, Fla.App.1973, 273 So.2d 429.

. See Balzebre v. Pearson, Fla.App.1973, 273 So.2d 427 (Case Nos. 72-1024, 72-1025, 72-1026, 3d D.C.A., opinion filed February 14, 1973).

. Id.