PER CURIAM.
This interlocutory appeal is brought by the counterdefendants from an order which denied their motion to strike or dismiss the amended counterclaim of the counterplain-tiff-appellee and denied objections to interrogatories which had been interposed by the appellee. This cause has had several previous appearances in this court. See Balzebre v. Pearson, Fla.App.1973, 273 So.2d 427; Balzebre v. 2600 Douglas, Inc., Fla.App.1973, 273 So.2d 445; Balzebre v. Pearson, Fla.App.1973, 273 So.2d 429.
*33 Appellants have presented two points on appeal corresponding to the two aspects of the order mentioned above. We hold that neither point presents prejudicial error.
In appellants’ argument under the first point, it is claimed that punitive damages are not allowable in this suit because this suit was one formerly cognizable in equity. It is clear that while the suit was originally brought by the appellants as an equity suit, the appellee’s counterclaim is for an alleged malicious tort and as such punitive damages are allowable. We do not reach the sufficiency of the allegations as to punitive damages since appellants assign as error only the denial of the general motion to dismiss or strike the entire counterclaim. See Winn-Dixie Stores, Inc. v. Sellers, Fla.App.1964, 161 So.2d 251.
We find no error upon the discovery ruling. See Lewis v. Moody, Fla.App.1967, 195 So.2d 260.
Affirmed.