**Stuart N. ALLEN, Plaintiff-Appellee,**

v.

**Paul C. CARLOTTI, Defendant-Appellant.**

**No. 75–3233.**

United States Court of Appeals,
Fifth Circuit.

May 25, 1977.

---

Fred R. Kucker, Miami, Fla., for defendant-appellant.

Irving M. Wolff, Miami, Fla., for plaintiff-appellee.

Before WISDOM, GEE and FAY, Circuit Judges.

PER CURIAM:

This is an appeal by defendant, Paul Carlotti, from the judgment granting plaintiff Stuart Allen's motion for summary judgment. Allen filed in the district court this non-jury diversity action for declaratory judgment and injunctive relief in hopes of obtaining a declaration of his rights with respect to the vessel Alboma. The trial judge found that Allen, the purchaser, was the owner of the Alboma having paid full consideration for it and ordered Carlotti, the seller, to satisfy all liens on the Alboma in order to give Allen a free and clear title to the vessel.

On appeal, appellant Carlotti contends the district court erred in determining an agency relationship existed between Carlotti and Underwood Marine at the time Allen purchased Carlotti's boat because that relationship had been terminated. We disagree and affirm the judgment of the district court.

Rule 56, F.R.Civ.P., provides that summary judgment should only be entered if it clearly appears that there exists no genuine issue as to any material fact. The district judge correctly determined that there were no genuine issues as to material facts and then, under Florida law,[1] proceeded to interpret as a matter of law the effect of the written documents that were part of the record. *Smith v. State Farm Mutual Automobile Insurance Co.,* 231 So.2d 193 (Fla. 1970); *Automatic Canteen Company of America v. Butler,* 177 So.2d 712 (3rd Dist.Ct. Fla.App. 1965); *Olin's, Inc. v. Avis Rental Car Systems of Florida, Inc.,* 141 So.2d 609 (3rd Dist.Ct. Fla.App.1962); *Neff v. World Publishing Co.,* 349 F.2d 235 (8th Cir. 1965).

The record reveals the following undisputed facts which the district judge considered. Carlotti entered into an agreement represented by three instruments with Underwood Marine of Miami, Florida. In the first, dated October 25, 1974, Carlotti contracted with Underwood and its employee, Stewart, to be his broker-agent for the purchase of a new Motor Sailer priced at $118,000. It also included a clause which stated Underwood was to sell Carlotti's

---

1. The district court made no determination in which jurisdiction the contract was consummated. Because this is a diversity case the law of that jurisdiction should be applied. The law with respect to the issues herein is identical in the two possible jurisdictions, New York and Florida. The district court applied the law of Florida and no objection was made by the parties; therefore we will follow the district court's example and cite Florida law and cases for the legal proposition set forth.

boat, the Alboma, on a brokerage basis and if it was not sold before delivery of the new vessel Underwood would accept it as a trade-in with a credit toward the new Motor Sailer for $58,500. This valuation was subject to Underwood's inspection of the Alboma.

The second writing, dated the same day, allowed Underwood an exclusive listing for ninety days of the Alboma at $75,000 or an amount agreed on by Carlotti. Underwood was to be paid a 10% brokerage fee.

On November 8, 1974, the third document was executed.[2] It was a sales agreement in which Underwood agreed to order the new Motor Sailer for Carlotti and upon delivery the Alboma would be considered a trade-in.

The district court stated in its Findings of Facts and Conclusions of Law this determination:

. . . by virtue of the execution of the foregoing documents, the Defendant Carlotti appointed Underwood Marine as his broker-agent to sell the Alboma within a limited period of time. If Underwood could not sell the Alboma within the allotted time, i. e., within the ninety-day period or prior to delivery of the new vessel, Carlotti was required to pay $1500 to deliver the Alboma to Underwood, and Underwood was required to pay $58,500 for Carlotti's account in connection with the purchase of the new vessel.

In late November, Underwood received an offer to purchase the Alboma from Allen. (At this point the ninety-day exclusive listing period had not expired and the new vessel had not been delivered.) Underwood, after a meeting with Carlotti, accepted Allen's offer of $60,000 (less $1500 credit for transporting the vessel from New York to Florida).

Allen paid the purchase price to Underwood as Carlotti instructed. Underwood was to apply Allen's payments, and another

$12,800 Carlotti had given Underwood as a deposit, to satisfy the lien on the Alboma held by General Electric Credit Corporation and clear Allen's title. Underwood breached its agreement with Carlotti and failed to apply the monies to the lien. Carlotti demanded performance by Underwood but Underwood did not comply. Pursuant to the contract with Allen, Carlotti wrote a check himself to satisfy the lien. Carlotti subsequently stopped payment on the check and the lien on the Alboma remained outstanding.

The trial judge, applying the case law cited above, determined the legal effect of the three documents and found that the agency relationship still existed at the time of the purchase of the Alboma by Allen.[3] We find no error in the granting of summary judgment. The other issues raised on appeal are totally without merit.

AFFIRMED.

---

2. This is the instrument appellant contends terminated the agency relationship that did admittedly exist.

3. Contrary to defendant's assertions, Underwood had not become the "owner" of the Alboma. It is possible that had the 90 day listing expired or had Carlotti's new vessel arrived, Underwood would have been obliged to purchase the Alboma at the agreed trade-in value. As the trial judge noted, however, the uncontradicted facts showed neither had occurred.