In the Matter of Alfred T. SAPSE and Renee Sapse, Debtors.

IMMUGEN, INC., Plaintiff,

v.

Alfred T. SAPSE and Stephen H. Judson as Trustee, Defendants.

Bankruptcy No. 83–00531–BKC–SMW. Adv. No. 83–0479–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

July 26, 1983.

Holland & Knight, Miami, Fla., for plaintiff.

Britton, Cohen, Kaufman & Schantz, Miami, Fla., for defendant.

Stephen Judson, Miami, Fla., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on for trial on the adversary complaint filed by the Plaintiff, IMMUGEN, INC. (IMMUGEN), seeking a determination that a contract entered into by and between it and the Debtor ALFRED T. SAPSE (Debtor/SAPSE) on June 30, 1982 was a fully executed contract, and for a declaration of its rights in connection with said contract, including but not limited to injunctive relief. The Defendant Debtor denied that the contract was fully executed, sought a determination that the said contract was executory and could be rejected, and prayed that the Plaintiff's request for injunctive relief be denied. The Defendant Trustee answered and requested an adjudication of the issues contained in the complaint filed by the Plaintiff.

The Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the pleadings and argument of counsel, and being otherwise fully advised, does hereby make findings of fact and conclusions of law in narrative form.

■ The contract of June 30, 1982, by mutual agreement of the parties, provided that it was to be interpreted and governed by the laws of the State of Florida. Under Florida law, a trial court is required to interpret as a matter of law the effect of written documents or agreements which are clear and unambiguous. *Smith v. State Farm Mutual Automobile Insurance Co.,* 231 So.2d 193 (Fla.1970); *Automatic Canteen Company of America v. Butler,* 177 So.2d 712 (3rd DCA Fla.1965); *Olin's, Inc. v. Avis Rental Car System of Florida, Inc.,* 141 So.2d 609 (3rd DCA Fla.1962). This judicial prerogative has been recognized by the United States Court of Appeals for the Fifth Circuit, *Allen v. Carlotti,* 552 F.2d 1086 (5th Cir.1977). The courts in the Eleventh Circuit are bound by the judicial opinions of the Fifth Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).

■ The Bankruptcy Code does not contain a precise definition of the term "executory contract". This omission was intentional. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) at 347, S.Rep. No. 95–989, 95th Cong., 2d Sess. (1977) at 58, U.S.Code Cong. & Admin.News 1978, p. 5787. Both the House and Senate Reports indicate that the term "executory contract" includes contracts containing provisions where performance remains due to some extent on both sides. *Id.* The contract under consideration is a fully executed agreement. The agreement describes its objects with particularity, and provides for the bargain and sale of specifically enumerated subject matter on the part of SAPSE, by the delivery of existing formulas and manufacturing processes. SAPSE further agreed not to compete with IMMUGEN. In exchange, SAPSE was to receive royalties and a stock option. The agreement further provided a fiduciary relationship between SAPSE and IMMUGEN; if breached by SAPSE, IMMUGEN could obtain injunctive relief; and the resolution of any disputes between the parties to the contract would be submitted to arbitration.

The evidence indicated that on the date of the filing of the original petition commencing these proceedings, or shortly before, SAPSE either voluntarily terminated his employment by IMMUGEN, or IMMUGEN discharged him. No issue was made as to whether or not the termination or the discharge affected the parties' rights under the agreement. As the pleadings were framed, the Court was not required to dispose of said issue. It is apparent that SAPSE is free to pursue employment or to undertake personal endeavors, so long as he does not violate or interfere with the provisions of the June 30, 1982 contract and IMMUGEN's reserved rights thereunder.

The stock options and the royalties provided for in said contract are in fact assets of the Debtor estate (*11 U.S.C.Sec. 541*), and are therefore items which the Trustee is charged to liquidate in accordance with his management of the estate.

■ Inasmuch as SAPSE's employment has been terminated and he is free to pursue employment elsewhere, such employment is not to diminish the assets which the Trustee is to administer. Said assets must be preserved so that the Trustee can obtain the highest value for their liquidation. This Court, therefore, has jurisdiction to prohibit conduct on the part of SAPSE which would diminish and detract from the value of the assets to be liquidated by the Trustee. The injunctive relief sought by IMMUGEN from this Court is within this Court's jurisdiction and is obtainable by IMMUGEN.

As is required by *Bankruptcy Rule 921(a),* a separate judgment will be entered to effectuate the foregoing Findings of Fact and Conclusions of Law..

### DECLARATORY AND FINAL JUDGMENT

The complaint of IMMUGEN, INC., and the answers thereto filed by ALFRED T. SAPSE, the Debtor, and Stephen H. Judson as Trustee, put into issue before this Court IMMUGEN, INC.'s prayer for declaratory and ancillary injunctive relief in conjunction with the agreement executed by and between IMMUGEN, INC. and the Debtor, ALFRED T. SAPSE, on June 30, 1982. The issues raised by the pleadings were tried by the Court and it entered its Findings of

Fact and Conclusions of Law, and does now enter its Declaratory and Final Judgment in conformity with such findings and conclusions, and it is hereby

ORDERED, ADJUDGED and DECREED that the relief sought by IMMUGEN, INC., a Florida corporation, in its complaint for declaratory relief, to adjudicate the June 30, 1982 contract by and between it and ALFRED T. SAPSE, is granted, and said contract is hereby declared to be a fully executed, valid and binding contract, and each and every term and condition therein contained is adjudicated and declared to be reasonable and supported by sufficient consideration, including but not limited to each and every of the covenants contained therein.

IT IS FURTHER ORDERED that the provisions of the agreement of June 30, 1982 by and between IMMUGEN, INC. and ALFRED T. SAPSE are incorporated herein by reference, and the terms and conditions thereof are merged into this Declaratory and Final Judgment, and ALFRED T. SAPSE is enjoined to conduct himself in accordance therewith; however, nothing herein shall preclude the said ALFRED T. SAPSE from obtaining employment or entering into business ventures within the confined and restricted limitations set forth in this instant Declaratory and Final Judgment.

IT IS FURTHER ORDERED that the "subject matter assets" referred to in the agreement of June 30, 1982, sold to IMMUGEN, INC. by ALFRED T. SAPSE, are the exclusive property of IMMUGEN, INC., and ALFRED T. SAPSE be and he is hereby enjoined from representing that he is still employed by or connected with IMMUGEN, INC.; he is further enjoined from undertaking any status to the contrary or causing or inducing any third person to do so in any manner whatsoever.

IT IS FURTHER ORDERED that IMMUGEN, INC. is vested with the right, title and interest in and to the "subject matter" defined in the agreement, and that ALFRED T. SAPSE is hereby enjoined from utilizing any of the subject matter or interfering with IMMUGEN, INC.'s right to so utilize said subject matter in any manner whatsoever.

IT IS FURTHER ORDERED that the stock option and the royalties contained in the agreement of June 30, 1982 are property of the estate and the Trustee, STEPHEN H. JUDSON, as Trustee, has custody and control and the right of liquidation thereof.

IT IS FURTHER ORDERED that IMMUGEN, INC. is relieved of the provisions of the June 30, 1982 agreement which provide for the exclusive employment of SAPSE, salary to be paid to SAPSE, advances to be made to SAPSE, the security fund to be established on behalf of SAPSE, and the reverter provisions of SAPSE's proprietary rights.

IT IS FURTHER ORDERED that the remaining provisions of the June 30, 1982 agreement shall remain in full force and effect and shall be binding in all of its terms, including but not limited to the provisions governing arbitration, time and space, unilateral use or disclosure, confidential information, and the convenant not to compete.

IT IS FURTHER ORDERED, should any dispute arise by and between the parties concerning the interpretation of the provisions of this order and/or the agreement of June 30, 1982, such dispute can be made the subject matter of an arbitration proceeding or a cause of action in a court of competent jurisdiction.