PER CURIAM.
Mildred Wasman appeals from a final judgment which awarded her compensatory damages pursuant to her cross-claim against Alvin D. Robins but denied punitive damages against Robins and denied both compensatory and punitive damages against attorney John Goshgarian. For the reasons which follow, we affirm that portion of the judgment which denied Was-man any damages against Goshgarian but reverse that portion of the judgment which denied punitive damages against Robins.
In 1981, Wasman deposited funds in Goshgarian’s trust account for the purchase of a percentage interest in a mortgage. Robins proposed the investment to Wasman and directed the entry and disbursal of trust funds; Goshgarian simply followed Robins’ directives.[1] Wasman re *1027 ceived only a small portion of . the expected return on her investment and demanded an accounting from Goshgarian. While investigating the trust dealings, Wasman discovered that a letter with Goshgarian’s forged signature had ordered Wasman’s funds in the trust account released to Robins.
In 1984 Goshgarian filed an action against Wasman and Robins for declaratory relief to determine his duties regarding the Wasman funds. Wasman counterclaimed against Goshgarian for breach of contract and an accounting; she cross-claimed against Robins for fraud. The trial court denied her claims against Goshga-rian on the ground that he was a gratuitous trustee and dismissed Goshgarian’s action for declaratory relief.
On appeal, Wasman claims that Goshgarian was guilty of gross negligence as a trustee and as an attorney. However, neither the pleadings nor any portion of the record reveals either an attorney-client or trustor-trustee relationship; Wasman’s counterclaim against Goshgarian does not even allege negligence. We, therefore, affirm that portion of the judgment denying Wasman any relief against Goshgarian.
However, we reverse the trial court’s denial of punitive damages against Robins. Robins ultimately admitted at trial that he had used Wasman’s funds to reimburse a corporation he owned.[2]
Exemplary damages are given solely as a punishment where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936).
Wasman alleged fraud in her cross-claim against Robins, and the record establishes that Robins diverted Wasman’s funds without her knowledge or consent. Such willful and wanton disregard of her rights merits an award of punitive damages.[3]
We, therefore, direct the trial court to determine the proper amount of punitive damages to be awarded to Wasman.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

. It appears from the record that Robins, a non-lawyer, was involved in a number of business deals with Goshgarian.

. The trial court, in the final judgment awarding Wasman compensatory damages against Robins, labelled Robins’ testimony about the reasons for his transfer of Wasman’s funds "totally unbelievable."

. Although the original suit was based in equity, the cross-claim was for a common law tort: fraud. Punitive damages are thus available. See Balzebre v. 2600 Douglas, Inc., 291 So.2d 32 (Fla.3d DCA 1974) (where suit originally brought in equity, counterclaim for malicious tort allows consideration of award of punitive damages).