187 So.2d 63 (1966)
SOUTHWESTERN LIFE INSURANCE COMPANY, Appellant,
v.
Sheldon GERSON, Gary R. Gerson, Donald Gerson and Annette Gerson, As Heirs-at-Law and Next of Kin of Harry J. Gerson, and Annette Gerson, His Wife, Individually, Appellees.
No. 65-857.
District Court of Appeal of Florida. Third District.
May 3, 1966.
Rehearing Denied June 21, 1966.
*64 Smathers & Thompson and G. Morton Good, Miami, for appellant.
Horton & Schwartz, Miami, for appellees.
Before CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
This is an interlocutory appeal by the plaintiff below, Southwestern Life Insurance Company, seeking reversal of an order of the chancellor which transferred the cause to the law side of the court and granted a trial by jury of the issues raised by the pleadings.
The appellant issued a major medical insurance policy which covered Harry J. Gerson and his wife Annette Gerson. Subsequently, Mr. Gerson, individually, sued the appellant in the Civil Court of Record of Dade County to recover payments under the policy. The appellant defended the claim on the ground that Gerson had made material misrepresentations in his application for the policy. During the pendency of this suit, Mr. Gerson died. Later, Mrs. Gerson became ill and incurred expenses which allegedly would have been covered by the policy.
While the Civil Court of Record action was pending, the appellant brought this action, in chancery, against Mrs. Gerson, individually, and Sheldon Gerson, Gary R. Gerson, Donald Gerson, and Mrs. Gerson, as heirs-at-law of Mr. Gerson. This suit sought to cancel the policy as to both Mr. and Mrs. Gerson on the ground of misrepresentation in the application, and to enjoin the prosecution of the Civil Court of Record action and any future proceedings which might be brought either by the heirs of Mr. Gerson or by Mrs. Gerson to recover for her own expenses. An injunction to that effect against all the appellees was entered by the chancellor.
The appellees filed a compulsory legal counterclaim against the appellant to recover money damages in excess of $5,000.00 for the alleged breach of the policy. It was claimed that the appellees had incurred expenses, within the coverage of the policy, which the appellant refused to pay.
After the case had been set for final hearing in chancery, appellees moved to strike the notice of final hearing and to set the case instead for jury trial. The chancellor granted the motion and ordered that a jury trial be granted on the issues involved in the proceeding, and for that purpose, transferred the cause from the chancery to the law side of that court. The appellant has taken this interlocutory appeal from that order.
The appellees rely on the recent case of Hightower v. Bigoney, Fla. 1963, 156 So.2d 501, as authority for the proposition that defendants who file a compulsory legal counterclaim in an equitable action do not waive their rights to a jury trial of the issues raised by the compulsory counterclaim, if a jury trial is timely demanded. That case, however, is not authority to allow the transfer of the entire cause in every equitable action to the law side of the court for a jury trial simply because a compulsory legal counterclaim was filed.
The appellees contend that the only issues which are to be tried are ones which are "common" to both the legal counterclaim and the equitable complaint. Therefore, the jury trial to which the defendants are entitled under Hightower, supra, will effectively resolve the entire controversy.
We do not find that these legal and equitable issues raised by the complaint and counterclaim are "common issues". The issue to be resolved by the complaint herein was whether the alleged fraud and misrepresentation of Harry and Annette Gerson were so material as to compel a rescission of the original insurance contract. This is a traditional equitable remedy over which the law side of the court does not have jurisdiction. The issues raised by the counterclaim are whether a *65 judgment for the amounts claimed by appellees should be entered against the appellants, and if so, in what amount? These are traditionally issues to be resolved by a jury in a trial at law.
We therefore reverse the order which transferred the entire cause to the law side of the court, with instructions to enter an order retaining jurisdiction in chancery of the complaint for rescission of the insurance contract, and then, if necessary, an order transferring the questions of liability and amount, raised by the counterclaim, to the law side of the court for a trial by jury of those issues. The order of procedure as between the law and equity sides in such cases has been that the equity issue is first disposed of by the chancellor and then, unless that ends the litigation the counterclaimant may have his action at law and his trial by jury secured him by the Seventh Amendment of the United States Constitution. The equity court should first determine the issue of whether the insurance contract was in force before considering the question of damages.
Reversed and remanded.
CARROLL, Judge (concurring specially).
I concur in the decision of the court. In my opinion, however, it is not necessary, in order to try the legal claim (counterclaim) before a jury, to transfer the same to the law side of the court. When a declaratory decree suit, properly filed on the equity side of the circuit court because it seeks or involves equitable relief, also embodies a legal issue of a kind traditionally triable before a jury, the equity court may proceed to try that issue before a jury. That appears to have been the procedure contemplated in the declaratory judgment act, by its provisions in § 87.08, Fla. Stat., F.S.A. See Olin's, Inc. v. Avis Rental Car System of Florida, Fla.App. 1961, 131 So.2d 20.