199 So.2d 727 (1967)
CITY OF JACKSONVILLE, a Municipal Corporation under the Laws of Florida, Appellant,
v.
George SCHUMANN et Ux. et al., Appellees.
CITY OF JACKSONVILLE, a Municipal Corporation under the Laws of Florida, Appellant,
v.
Edwin H. BRAIN et Ux. et al., Appellees.
Nos. I-144, I-142.
District Court of Appeal of Florida. First District.
June 15, 1967.
Rehearing Denied July 10, 1967.
*728 William M. Madison, Claude L. Mullis, and William Lee Allen, Jacksonville, for appellant.
Duss, Butler, Nelson & Marees, and Jones, Foerster & Hodge, Jacksonville, for appellees.
JOHNSON, Judge.
This is an appeal from a decree of the Circuit Court of Duval County, wherein the case George Schumann, et al. v. City of Jacksonville, in one case and Edwin H. Brain, et al. v. City of Jacksonville, in the other case, were consolidated for trial and on this appeal.
From an order directing the City to institute eminent domain proceedings in accordance with the prayer of the complaints, the City, appellant herein, appeals. The same order or decree was entered in each of the two cases.
The basic question before us now is whether there was sufficient evidence before the trial court to support the allegations of the complaint. The trial court took testimony for about three days. At the conclusion thereof, he determined that certain plaintiffs, five in number, had given avigation easements over the surface of their respective properties in contemplation of the defendant's extension of one of its runways, and therefore summary judgments were entered against them. Others had years earlier given certain avigation easements, also, but prior to changes made in the operation and extension of the airport which could not have been reasonably expected at the time of giving such easements. As to these properties and plaintiffs, the trial court made special limitation as to their damages, if any, by limiting them to the unexpected new aggravations and new easements taken.
This cause has been before this court previously on an interlocutory appeal[1] from an order denying a motion to dismiss the amended complaint on the primary ground *729 that said complaint failed to state a cause of action. This court, speaking through Honorable Donald K. Carroll, in said case, gave a very comprehensive review of the basic question involved in that cause, which is of course the same as here. This court determined that the complaint stated a cause of action for inverse condemnation, but pointed out further that under other provisions of our constitution, that regardless of what it was called,[2] the damaged property owner was entitled to compensation when his property was taken or its beneficial use to such owner destroyed.
In view of the decision by this court, supra, we are, as pointed out earlier, confronted only with the factual situation as it appears from the testimony and whether the trial judge, before whom the testimony was taken, without a jury, rendered a proper determination based thereon.
We think the trial court did an excellent job in deciphering all the evidence, some of which tended to be conflicting, and rendered a decision in which we cannot find fault and with which we agree.
In arriving at our conclusion, we point out that not all plaintiffs may receive compensation. The amount of damages must be determined by a jury in another proceeding in circuit court. The trial court herein only determined that the plaintiffs, except those against whom summary judgment had been rendered, each had a valid legal cause of action for damages under the allegations of the complaint and the evidence in support thereof, properly leaving the question of amount, if any, due each plaintiff to be fixed by the jury in the subsequent trial of this issue.
While the issue of inverse condemnation in airport and aviation projects was a novel one in Florida, at the time this court rendered its decision in the former appearance of this case before this court (167 So.2d 95, supra), we think the issue has now been settled by that decision, in which the Supreme Court of Florida denied certiorari, and which committed Florida to the view adopted in Thornburg v. Port of Portland,[3] Martin v. Port of Seattle,[4] and the two United States Supreme Court cases of United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206, and Griggs v. Allegheny County, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962). In these cases, it is in substance held that noise can be a nuisance and that such nuisance can give rise to an easement, and that such noise may come straight down from above, or from some other direction. That the land owner has a right to be free from unreasonable interference caused by the noise, and if such noise and/or intense vibration produced by low flying aircraft deprived such owner of an essential element in his relationship to his land, compensation therefor should be made by the public authority responsible therefor, and it makes no difference whether the public or condemning authority is the movant or the land owner, through a process similar to that employed in this case by the plaintiffs.
Most of the arguments raised by appellant are similar to those raised in and settled by this court in the first appearance of this case before this court. A repetition thereof in this opinion to any further extent than already made, would serve no good purpose.
We think the evidence supported the finding of the trial court in view of the guidelines laid down by this court in its first decision in this case when here on interlocutory appeal.
*730 Appellant's points one, three and five, as raised in its brief, have been answered above and adversely to the appellant.
As to appellant's point two, we think this point has also been laid to rest by the decision in Griggs v. Allegheny County, supra, and is therefore without merit.
We think we have partly dealt with appellant's point five, but here reiterate that the trial court made a broad finding as to those plaintiffs who had given "avigation easements." In substance, the court's order was to the effect that each plaintiff's problem had to be treated in the light of the easement given, as to its substance and time of giving thereof. He did not rule that all such would receive damages, but left the element of damages, if any, to the jury to be later empanelled to try such issue. We can find no error committed by the learned trial judge, but on the contrary think his decree was well thought out, well worded and very comprehensive in its coverage of the facts and we agree with his decree and therefore affirm the same.
The City of Jacksonville v. Edwin H. Brain, et al., being our case numbered I-142, was consolidated for trial and for purpose of appeal herein, with the Schumann case, supra. In appellant's brief four points are raised in which error is contended. These points are identical to four points raised in the Schumann case and which points we have treated supra. The same reasoning applies equally to both cases with the same ultimate decision from both the trial court and this court. We see no reason for disturbing the trial court's finding of fact nor his application of the appropriate law thereto.
In both cases, the trial court ordered the defendant (appellant) to institute eminent domain proceedings within 60 days to condemn the necessary easements.
We affirm this decree in both cases.
WIGGINTON, Acting C.J., and SPECTOR, J., concur.
NOTES
[1] City of Jacksonville v. Schumann, et al., 167 So.2d 95, (Fla.App. 1st, 1964).
[2] Section 4, Declaration of Rights, Florida Constitution, F.S.A., and Section 12, Declaration of Rights, Florida Constitution.
[3] Thornburg v. Port of Portland, 233 Or. 178, 376 P.2d 100 (1962).
[4] Martin v. Port of Seattle, 64 Wash.2d 309, 391 P.2d 540 (1964).