238 So.2d 678 (1970)
SARASOTA-MANATEE AIRPORT AUTHORITY, Petitioner,
v.
Lloyd J. ALDERMAN et al., Respondents.
No. 70-87.
District Court of Appeal of Florida, Second District.
August 19, 1970.
A. Lamar Matthews, Jr., of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for petitioner.
Henry P. Trawick, Jr., of Millican & Trawick, Sarasota, for respondents.
MANN, Judge.
Plaintiffs, owners of 153 parcels of land, alleged the taking of their property without compensation by petitioner, which operates an airport used by jet aircraft *679 flying low over respondents' homes, and sought damages for trespass and nuisance for those parcels for which the nuisance was insufficient to constitute a taking.
This petition seeks certiorari to review an order of the trial judge determining that the threshold question whether there has been a taking will be determined by the court and questions of compensation will be then submitted to a jury. Petitioner sought a jury trial on all issues.
What we term "inverse condemnation proceedings" is often nothing more than an action for abatement of nuisance brought against a defendant having the power of eminent domain. Thus a private party in these circumstances would be enjoined from maintaining a nuisance and damages would be fixed by the court. A & P Food Stores, Inc. v. Kornstein, Fla.App. 1960, 121 So.2d 701. If the action were brought as one in law for damages, without prayer for injunction, a jury would determine damages. Ferreira v. D'Asaro, Fla.App. 1963, 152 So.2d 736; Nitram Chemicals, Inc. v. Parker, Fla.App. 1967, 200 So.2d 220.
Petitioner's argument in essence is that in neither City of Jacksonville v. Schumann, Fla.App. 1964, 167 So.2d 95, second appeal Fla.App. 1967, 199 So.2d 727, nor in Hillsborough County Aviation Authority v. Benitez, Fla.App. 1967, 200 So.2d 194, was there a demand for jury trial on the fact of taking. The point was not dealt with there, and we consider here whether the trial judge correctly held that the preliminary question of taking is triable to the court. Henthorn v. Oklahoma City, Okl. 1969, 453 P.2d 1013, determining that the Oklahoma constitution requires jury trial, is not applicable here. Fla. Const. Article X, Section 6, (1968), F.S.A. omits even the requirement of jury trial contained in Article XVI, Section 29 (1885). The province of the jury is limited to compensation even under the old constitution, Wilton v. St. Johns County, 1929, 98 Fla. 26, 123 So. 527, and is still so limited by Fla. Stat. 73.071(3) (1967), F.S.A. See generally, 1 Nichols on Eminent Domain § 4.105[1]-[5]. See also, Breidert v. Southern Pacific Company, 1964, 61 Cal.2d 659, 39 Cal. Rptr. 903, 394 P.2d 719; Brock v. State Highway Commission, 1965, 195 Kan. 361, 404 P.2d 934.
It is clear that this complaint contains an admixture of claims, some of which are for the court, others of which afford a right to jury trial, yet all of which arise from the same set of operative facts. Now, with law and equity merged, R.C.P. 1.040, 30 F.S.A., confusion arises as to the procedure to be followed. Federal decisions are persuasive where the Florida rule of civil procedure is patterned after the federal rule. 1 Kooman, Fla. Treatment, Fed.Civ.Prac., § 2-2. We are in accord with the view expressed in Beacon Theaters Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and Dairy Queen, Inc. v. Wood, 369 U.S. 469, 470, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), that merger of law and equity should not operate to narrow the range of issues triable by jury. Where there is a possibility of depriving a party of his right to jury trial by considering first those issues triable to the court, mandamus may lie to compel submission to a jury of those issues to which a party has the historic, constitutional right to judgment by his peers, prior to consideration by the court of issues as to which no right of jury trial exists. See generally, Note, Merger of Law and Equity in Florida  Problems and Proposals, 20 U.Fla.L. Rev. 173, 191-98 (1967).
This case illustrates how a basic right such as trial by jury can be litigated almost ancillary to the lesser problem of the appealability of an interlocutory order. We see no constitutional barrier to the grant of common law certiorari under our Florida Constitution, Article V, Section 5(3), where a clear departure from settled principle threatens to prolong litigation *680 needlessly. See 5 Moore's Federal Practice § 39.13. We exercise this constitutional power sparingly, and only in the interest of expediting justice in clear cases.
This case is not like Beacon Theaters or Dairy Queen, in which the possibility of collateral estoppel through the judge's determination of facts triable to a jury was raised. Here the only question yet appearing in this litigation is one which has always been tried to the court in Florida. We do not deal with the many vexing questions relative to sequence of trial which follow the merger of law and equity. They are adequately dealt with in the treatises on federal practice and in the cases.
So much of the order reviewed as denies a right of jury trial on the issue of taking in inverse condemnation is correct and the petition for writ of certiorari is for this reason denied.
HOBSON, C.J., and PIERCE, J., concur.