248 So.2d 682 (1971)
Charles C. ADAMS et al., Appellants,
v.
CITIZENS BANK OF BREVARD, a Florida Banking Corporation, Appellee.
No. 70-562.
District Court of Appeal of Florida, Fourth District.
June 7, 1971.
Robert T. Westman, of Stromire & Westman, Cocoa, for appellants.
*683 Joe Teague Caruso, of Spielvogel, Goldman & Caruso, Merritt Island, for appellants-Cocoa Masonry, Inc. and Rinker Materials Corp.
Charles F. Broome, of Crofton, Holland & Starling, Titusville, for appellee.
OWEN, Judge.
This is a mortgage foreclosure suit in which the several defendants appeal from a final judgment of foreclosure in favor of the plaintiff bank.
The principal question presented here is the order of procedure to be followed by the trial court when a civil action is filed seeking relief historically cognizable only in a court of equity, and the answer contains a compulsory counterclaim legal in nature for which the defendant is entitled to (and demands) trial by jury.
Our decision is governed by the law as announced in Hightower v. Bigoney, Fla. 1963, 156 So.2d 501; Sarasota-Manatee Airport Authority v. Alderman, Fla.App. 1970, 238 So.2d 678, and Southwestern Life Insurance Co. v. Gerson, Fla.App. 1966, 187 So.2d 63, together with the decision of the United States Supreme Court in the case of Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), the reasoning of which was either expressly or inferentially approved in the Hightower case, supra, and the Sarasota-Manatee Airport case, supra. Applying the law and rationale of the cited cases to the facts in the case at bar, we conclude that the judgment of foreclosure must be reversed.
Although Rule 1.040 R.C.P., 30 F.S.A., which became effective January 1, 1967, eliminated the distinctions between law and equity procedure, it was not intended to abolish the substantive distinction between law and equity, R.C. No. 17 Corp. v. Korenblit, Fla.App. 1968, 207 So.2d 296, nor does the merger of law and equity operate to narrow the range of issues triable by jury, Sarasota-Manatee Airport Authority v. Alderman, supra. This is the view which the federal courts take of similar federal rules of procedure. Beacon Theatres, Inc. v. Westover, supra.
In December, 1968, appellants Adams, Randall and Arnette, obtained a construction loan from the appellee bank for the purpose of constructing an apartment building in Titusville, Florida. These appellants executed a promissory note, a construction loan agreement, and a mortgage encumbering the real property upon which the apartment building was to be constructed. Appellants Morgan and Shumway, who owned a fractional interest in the real property, joined in the execution of the mortgage. The construction loan agreement provided a schedule upon which the funds were to be disbursed as the construction progressed, and contained a number of covenants, restrictions and requirements on the part of the mortgagors, an itemization of which is unnecessary to this opinion. There was also a provision to the effect that if the mortgagors should breach any of such and should fail to cure or correct the same within five days after written notice from the bank, the latter could terminate the agreement and demand immediate payment of all sums theretofore advanced.
Construction commenced in January, 1969, and by the end of February the bank had made two advances totaling approximately $60,000. On March 3, 1969, the bank advised the mortgagors that no further disbursements would be made on the construction loan. In the latter part of April the bank gave written notice to the mortgagors that they were in default of the construction loan agreement and unless the same was cured within five days the bank would demand immediate payment of the sums advanced. The nature of the defaults was not specified. Approximately one month later the bank again gave written notice of default, this time specifying the same in detail. Within a short time thereafter the bank filed this suit to foreclose its mortgage.
*684 The complaint (as ultimately amended) alleged that the mortgage was in default because the mortgagors had (1) failed to timely pay certain taxes and interest on the sums advanced, and (2) breached certain provisions of the construction loan agreement.[1] The answer contained several affirmative defenses, one of which was to the effect that the bank had initially breached the construction loan agreement in that it had arbitrarily and without just cause withheld further disbursements on the construction loan, thereby bringing about one or more of the conditions complained of in the complaint. The mortgagors also filed a compulsory legal counterclaim seeking monetary damages alleged to have been caused by the bank's wrongful refusal to disburse funds as required by the schedule of the construction loan agreement. The legal counterclaim contained a timely demand for a jury trial.
At pretrial conference the mortgagors orally moved the court to submit to a jury the issues made by the counterclaim, before holding a nonjury trial on the mortgage foreclosure suit. The court denied this motion and proceeded to try the case nonjury, resulting in the final judgment of foreclosure from which this appeal has been taken.
Foreclosure is a traditional equitable remedy over which the law side of the court has no jurisdiction. Likewise, there is no question but that the counterclaim seeking monetary damages for alleged breach of the construction loan agreement presented a legal claim on which the counter-claimants were constitutionally entitled to trial by jury upon timely demand. Wiggins v. Williams, 1896, 36 Fla. 637, 18 So. 859; Hightower v. Bigoney, supra; Florida Constitution 1968, Article 1, Section 22, F.S.A.; Rule 1.430 R.C.P. It has been held that if a compulsory legal counterclaim entitles the counter-claimant to a jury trial on issues which are not common to any issue made by the equitable complaint, the trial court should proceed to try the equitable issue nonjury with appropriate provision made for a jury trial as to the law issues if disposition of the equitable issues does not conclude the case. Southwestern Life Insurance Co. v. Gerson, supra. But where the compulsory counterclaim entitles the counter-claimant (upon timely demand) to a jury trial on issues which are sufficiently similar or related to the issues made by the equitable claim that a determination by the first fact finder would necessarily bind the later one, such issues may not be tried nonjury by the court since to do so would deprive the counter-claimant of his constitutional right to trial by jury. Sarasota-Manatee Airport Authority v. Alderman, supra.
In this case the amended complaint alleged a breach of certain provisions of the mortgage, as well as a breach of the separate construction loan agreement. The legal counterclaim made a jury issue of the alleged breach of the construction loan agreement. Unlike the factual situation in Southwestern Life Insurance Co. v. Gerson, supra, where the validity of the contract had to be initially determined in the equitable rescission action before a counterclaim for damages on such contract could be considered, the parties in this case admit the validity of the construction loan agreement. Stated in simple if not precise terms, the issue was which of the parties had initially breached the agreement. This *685 issue was common to the complaint and the legal counterclaim and should have been submitted to a jury.
It should be recognized that consistent with the holding of the Southwestern Life Insurance Co. case, supra, the trial court in the instant case could have still determined nonjury those factual issues which were unrelated to the issues upon which counter-claimants were entitled to jury trial. By way of example, the court conceivably could have made a determination of whether the appellee bank was entitled to foreclosure of its mortgage by virtue of the mortgagors' alleged breach of the mortgage covenant to pay taxes and to pay interest, since a determination of this issue would not be a determination of any jury issue made by the legal counterclaim. Had the trial court undertaken to adopt this procedure it would necessarily have limited the scope of the nonjury trial, and entered an appropriate order whereby the issues common to the complaint and the legal counterclaim were severed and submitted to a jury. Such was not the situation here. The nonjury trial before the court was not only directed primarily to the alleged breach of the construction loan agreement, but also resulted in a final judgment of foreclosure wherein the sole factual finding of default on the part of the mortgagors was a breach of that agreement. In essence, this factual determination by the court was determinative of the factual issue made by the legal counterclaim, an issue upon which the mortgagors were constitutionally entitled to trial by jury.
We conclude that the final judgment of foreclosure as it pertains to the mortgagors must be set aside and the cause remanded for further proceedings consistent herewith. This makes it unnecessary for us to pass upon the question of whether the evidence sustains the trial court's finding that the mortgagors were in default of the construction loan agreement.
Certain materialmen and subcontractors had filed mechanics' liens against the improved property, as a consequence of which they were named defendants in the foreclosure suit. The final judgment of foreclosure made a factual determination that the claim of lien of each of these lienors was junior and inferior to the lien of the bank's mortgage. These lienors joined in the appeal and assigned as error this finding of the trial court. We conclude that the court did not err in this respect, and we therefore affirm this portion only of the final judgment. In all other respects the final judgment is reversed and this cause remanded to the trial court for further proceedings consistent herewith.
Affirmed in part; reversed in part.
REED, J., and MANN, ROBERT T., Associate Judge, concur.
NOTES
[1] The mortgage contained an express provision requiring timely payment of taxes, and of course it incorporated by reference the provisions of the promissory note which required periodic payment of interest. So far as appears from the record the mortgage contained no express reference to the separate construction loan agreement, nor contained any provision whereby a breach of the construction loan agreement would be deemed a breach of the mortgage. However, throughout the proceedings all parties to the cause have impliedly agreed that any breach of the construction loan agreement would be a breach of the mortgage.