293 So.2d 373 (1974)
WESTVIEW COMMUNITY CEMETERY OF POMPANO BEACH, a Non-Profit Corporation of Florida, Appellant,
v.
Booker T. LEWIS, Appellee.
No. 72-894.
District Court of Appeal of Florida, Fourth District.
April 5, 1974.
Rehearing Denied May 15, 1974.
*374 Cecil T. Farrington, Fort Lauderdale, for appellant.
G.H. Martin, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Lowe Griffin was the owner of a subdivision lot with 50 feet frontage and 141 feet in depth in the City of Pompano Beach. The lot was improved by two structures, one a house on the front of the lot, the other a smaller house on the rear portion thereof. Griffin lived in the front house and rented rooms to tenants. He also rented the back house to appellee, Booker T. Lewis, prior to November 1966, at which time Griffin agreed to sell appellee a portion of the lot including the smaller house and an easement for ingress and egress over the larger portion which Griffin retained. Appellee made the agreed down payment, remained in possession thoughout all times pertinent to this litigation, and in due course, received an agreement for deed which was not recorded.
Subsequent to his agreement to sell to appellee, Griffin while still in possession of the front house executed a mortgage to appellant, Westview Community Cemetery of Pompano Beach, encumbering the entire lot, which mortgage was immediately recorded. Appellant made no examination of title but was assured by Griffin that he owned the property and that the appellee was a tenant. Griffin failed to pay the mortgage, foreclosure was instituted, and appellant bid the property in at the ensuing sale. Thereafter, appellant attempted to collect rent from appellee and learned of his claim of title.
This litigation was commenced by appellant's filing of an unlawful detainer action. Appellee then filed a quiet title action against appellant. Appellant thereupon dismissed its unlawful detainer action and filed an answer and a compulsory counterclaim against appellee to quiet title in appellant and to eject appellee from the real property in question. Appellant filed a timely demand for jury trial on all issues. Appellee moved to strike the demand. The trial court denied appellee's motion to strike but it ordered that the jury trial be deferred until after the determination of the non jury issues framed by the complaint, answer, and the quiet title count of the counterclaim. The court proceeded to trial and found for appellee, quieting his title against appellant, based upon its determination that appellant had constructive notice of appellee's interest at the time appellant took its mortgage and at the time it received its certificate of title.
The issues raised by the complaint and counterclaim were these: who had the better title and right of possession  appellee, based upon his unrecorded agreement for deed from Griffin and his continuous possession  or appellant, based upon its recorded certificate of title obtained pursuant to the foreclosure of its mortgage from Griffin? The central issue to be decided by the trier of fact, be it judge or jury, was whether appellant had constructive notice of appellee's interest in the property as a result of his possession, i.e., whether appellee's possession was open, exclusive, unambiguous and such as to charge appellant with notice so as to give his unrecorded deed priority over appellant's recorded deed.
It seems obvious that proceeding to trial on the complaint and the counterclaim to *375 quiet title would effectively conclude the issues raised by the counterclaim in ejectment. That is exactly what happened here. The trial court recognized the demand for jury trial on the counterclaim for ejectment and proceeded to try the so-called non jury issues. Having done so, it entered a final judgment which concluded all issues jury and non jury. This was necessarily so because the issues raised by the complaint and counterclaim were either similar, related, or identical.
This court held in Adams v. Citizens Bank of Brevard, Fla.App. 1971, 248 So.2d 682, that where a compulsory counterclaimant is entitled to a jury trial on issues which are sufficiently similar or related to issues made by the equitable claim, and a determination of the first fact finder would necessarily bind the later one, such issues upon timely demand may not be tried by the court, since trial by the court would deprive the counterclaimant of his constitutional right to trial by jury.
Appellant's request for a trial by jury on all issues clearly entitled it to a jury trial on its ejectment claim. We think appellant was also entitled to a jury trial on its counterclaim to quiet title. Section 65.061(1), F.S. 1971, F.S.A., provides in pertinent part:
"... if any defendant is in actual possession of any part of the land, a trial by jury may be demanded by any party, whereupon the court shall order an issue in ejectment as to such lands to be made and tried by a jury... ."
As to appellant's counterclaim, appellee was a defendant in possession, thus affording either party a right to jury trial on the issues made thereby.
Accordingly, the final judgment for appellee is vacated and set aside, and the cause is remanded for further proceedings.
MAGER, J., concurs.
CROSS, J., dissents without opinion.