373 So.2d 714 (1979)
Richard WIDERA, Appellant,
v.
FLORIDA POWER CORPORATION, Appellee.
No. 78-104.
District Court of Appeal of Florida, Second District.
August 3, 1979.
*715 John S. Wagstaff of Phillips, McFarland, Gould, Wilhelm & Wagstaff, P.A., Clearwater, for appellant.
Fran M. Johnson, St. Petersburg, for appellee.
GRIMES, Chief Judge.
The appellant seeks reversal of a money judgment against him on the ground that he was deprived of his constitutional right to a jury trial.
Appellee (Florida Power) brought suit alleging that appellant had obtained electricity without charge by unlawfully tampering with the electric meter at his home. The complaint prayed for a permanent injunction preventing appellant from further tampering with the meter and sought compensatory and punitive damages.
At an early stage in the litigation, the court entered a permanent injunction preventing the appellant from tampering with any of Florida Power's equipment located on his property. Appellant agreed to the permanent injunction because it was always his position that he had never tampered with the equipment.
Appellant then filed his answer and, eight days later, filed a motion for jury trial. Florida Power, however, moved to set the case for nonjury trial. Concluding that the suit was primarily an equitable case for which a jury trial is not available, the court ordered the case set for nonjury trial on the issue of compensatory damages with the proviso that the appellant would receive a jury trial on the claim for punitive damages unless the court ruled that punitive damages would not be appropriate. After conducting a nonjury trial on compensatory damages, the court awarded Florida Power the sum of $282.36. The court ruled that the evidence sufficiently raised an issue of punitive damages and withheld final judgment pending the outcome of a jury trial on that issue. In the ensuing trial, the jury found for Florida Power and awarded punitive damages of $500. The court then entered final judgment against appellant for $782.36 plus costs.
In suits involving equitable relief, the trial judge is given discretion to submit factual questions to a jury. Berg v. New York Life Insurance Company, 88 So.2d 915 (Fla. 1956); In re Estate of Wartels, 338 So.2d 48 (Fla. 3d DCA 1976); Sanitary Linen Service Co. v. Executive Uniform Rental, Inc., 270 So.2d 432 (Fla. 3d DCA 1972). Where, however, a complaint contains both legal and equitable claims, a timely request to try the legal issues before a jury must be granted. Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970). Even where the complaint lies solely in equity, the filing of a legal counterclaim raising a common issue entitles the counter-claimant to a jury trial on that issue. Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971); Southwestern Life Insurance Company v. Gerson, 187 So.2d 63 (Fla. 3d DCA 1966).
Here, Florida Power's complaint included claims for both legal and equitable relief. Moreover, the equitable claims had already been disposed of when it became necessary to try the legal issues involving damages. Because appellant had made a timely request, he was entitled to receive a jury trial on these issues.
Accordingly, the nonjury determination of compensatory damages must be set aside. Moreover, the jury award of punitive damages cannot stand because this matter was submitted to the jury upon instructions that appellant had, in fact, tampered with the meter, and the jury was only required to pass upon the issues bearing on punitive damages. Obviously, our conclusion does not affect the permanent injunction.
*716 The judgment for damages is reversed and the case is remanded for a new trial.
SCHEB and OTT, JJ., concur.