413 So.2d 1236 (1982)
CONSTRUCTION SYSTEMS AND ENGINEERING, INC., Appellant/Cross-Appellee,
v.
JENNINGS CONSTRUCTION CORPORATION, Appellee/Cross-Appellant.
No. 81-687.
District Court of Appeal of Florida, Third District.
April 27, 1982.
Rehearing Denied June 11, 1982.
*1237 Williams, Salomon, Kanner, Damian, Weissler & Brooks and Dale F. Webner, Miami, for appellant/cross-appellee.
Bartel & Shuford and Stanley Jay Bartel, Miami, for appellee/cross-appellant.
Before HUBBART, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
Appellant Construction Systems, defendant/counterplaintiff/third-party plaintiff below, appeals a final judgment entered by the court following denial of its demand for jury trial. Appellee Jennings, plaintiff/counterdefendant below, cross-appeals from the final judgment.
Jennings and appellant were the contractor and subcontractor, respectively, for three construction projects at the Ocean Reef Club in Monroe County. Following disputes over appellant's work performance and Jennings' failure to pay appellant, appellant filed liens against the property for overdue payments in May, 1978. One month later, Jennings filed suit seeking damages for breach of contract, discharge of the liens and transfer of the liens to other security. Appellant answered and counterclaimed for damages for breach of contract and conversion, and filed a third-party complaint for foreclosure of liens. On Jennings' motion, the liens were transferred to a surety bond. Despite appellant's demand for jury trial, the court ruled that both parties initially invoked the equitable jurisdiction of the court and heard the cause non-jury. Under the final judgment, Jennings took nothing by its damage claim and appellant took nothing by its counterclaim. The final judgment also cancelled the liens and ordered the release bonds cancelled.
Although numerous other issues have been raised by both sides on this appeal, we have determined that the trial court's denial of appellant's constitutional right to a jury trial mandates reversal.
In actions cognizable at law, the right to trial by jury is guaranteed by our constitution. Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963). Where both equitable and legal claims arise in the same case, this cannot serve to deprive either party of the right to a jury trial of issues traditionally triable by jury. Padgett v. First Federal Savings & Loan Association, 378 So.2d 58 (Fla. 1st DCA 1979), and cases cited. We hold that appellant was clearly entitled to a jury trial by virtue of the compulsory counterclaim seeking monetary damages for breach of contract and that the issues involved in the complaint and counterclaim are so intertwined that a jury trial should be afforded on all issues. Napolitano v. H.L. Robertson and Associates, Inc., 311 So.2d 757 (Fla. 3d DCA 1975); Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971).
*1238 The final judgment entered by the court is reversed and this cause is remanded with directions to proceed with a jury trial on all issues.
Reversed and remanded.