421 So.2d 46 (1982)
Jerome L. SPRING and Ava Spring, Petitioners,
v.
RONEL REFINING, INC., a Florida Corporation, Respondent.
No. 82-1481.
District Court of Appeal of Florida, Third District.
October 26, 1982.
William A. Cain, North Miami Beach, for petitioners.
Abrams, Anton, Robbins, Resnick, Schneider & Mager and Gary M. Farmer, Hollywood, for respondent.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The respondent brought an action seeking to foreclose a second mortgage on the petitioners' property. The petitioners filed their answer, affirmative defenses, and counterclaim seeking damages for fraud and misrepresentation, and cancellation of the note and mortgage. They requested a jury trial on all issues so triable. The trial judge placed the entire cause on the court's nonjury calendar. By way of petition for writ of certiorari, petitioners seek review of the order setting this cause for a nonjury trial. We grant the petition.
In setting the cause for nonjury trial, the trial court departed from the essential requirements of law. Foreclosure is a traditional equitable remedy as is the counterclaim for cancellation. It is equally unassailable that the counterclaim for fraud *47 and misrepresentation presents a legal claim for which the petitioners were entitled to a jury trial. The mixture of equitable and legal claims in the same case cannot deprive a party of its right to a jury trial of issues traditionally triable to a jury. Padgett v. First Federal Savings & Loan Association of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979) and cases cited therein. The more difficult question, however, is the order in which these issues must be tried. In Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971), the court held:
[I]f a compulsory legal counterclaim entitles the counter-claimant to a jury trial on issues which are not common to any issue made by the equitable complaint, the trial court should proceed to try the equitable issue nonjury with appropriate provision made for a jury trial as to the law issues if disposition of the equitable issues does not conclude the case. Southwestern Life Insurance Co. v. Gerson, [187 So.2d 63 (Fla. 3d DCA 1966)]. But where the compulsory counterclaim entitles the counter-claimant (upon timely demand) to a jury trial on issues which are sufficiently similar or related to the issues made by the equitable claim that a determination by the first fact finder would necessarily bind the later one, such issues may not be tried nonjury by the court since to do so would deprive the counterclaimant of his constitutional right to trial by jury.
248 So.2d at 684.
In the present case, we find that the issues in the fraud claim are sufficiently similar to the issues in the foreclosure action so as to first require a jury trial of the legal claim. If, after the jury verdict, there are unrelated equitable issues remaining, the trial court may then consider those claims. Padgett, supra, at 64; Adams, supra, at 685.
The respondent contends that the petitioner's application is not cognizable by common law certiorari because the error is one which may be rectified by plenary appeal. A succinct analysis of the purpose and function of the writ is stated in Kauffman v. King, 89 So.2d 24, 26 (Fla. 1956):
It is only in exceptional cases, such as those where the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, that this court will exercise its discretionary power to issue the writ.
Accord Huie v. State, 92 So.2d 264, 269 (Fla. 1957). Brooks v. Owens, 97 So.2d 693, 695 (Fla. 1957).
We entirely agree with the observations of Judge Mann in Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678, 679-80 (Fla. 2d DCA 1970) where he wrote:
This case illustrates how a basic right such as trial by jury can be litigated almost ancillary to the lesser problem of the appealability of an interlocutory order. We see no constitutional barrier to the grant of common law certiorari under our Florida Constitution, Article V, Section 5(3), where a clear departure from settled principle threatens to prolong litigation needlessly. See 5 Moore's Federal Practice, § 39.13. We exercise this constitutional power sparingly, and only in the interest of expediting justice in clear cases.
See also Freedman v. Rosin, 394 So.2d 241 (Fla. 1st DCA 1981).
In the present case, the denial of the right to jury trial is more than the denial of a constitutional right; it is the denial of a fundamental right recognized prior to the adoption of a written constitution. The right to select the peers to which one's cause will be submitted is unique and indispensible to the adversary system. For this reason, we deem certiorari to be the appropriate remedy in this instance.[1] If we are *48 accused of granting special dispensation by the review of this type order, then our critics can take solace in the fact that there will be few instances where litigants will present to us similar problems of such great consequence.
The petition for common law certiorari is granted and the order setting the cause for nonjury trial is quashed with directions to grant a jury trial on the petitioners' counterclaim.
NOTES
[1] We recognize that our decision, as well as that of the First District in Freedman, supra, and the Second District in Sarasota-Manatee, supra, conflicts with Lindsey v. Sherman, 402 So.2d 1349 (Fla. 4th DCA 1981).