435 So.2d 316 (1983)
Soteres PETROU, Appellant,
v.
SOUTH CAROLINA INSURANCE COMPANY, Appellee.
No. 82-873.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
Rehearing Denied August 17, 1983.
*317 Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellee.
BERANEK, Judge.
This appeal involves a dispute between South Carolina Insurance Company and its insured over the limits of uninsured motorist coverage provided in a South Carolina policy. We affirm in part, but reverse and remand for a jury trial as to certain factual matters.
After an accident with an uninsured driver, the company asserted its UMI limits were $15,000 and the insured claimed $100,000 limits (equal to his liability coverage). The carrier filed an action to determine the limits and demanded a jury trial. The case proceeded to jury trial but a mistrial was declared during closing argument. The matter was reset for a jury trial but on the morning of trial the carrier made a motion to withdraw its demand for jury trial and stated that under Section 86.071, Florida Statutes (1981), the court had discretion whether to submit questions of fact to a jury. The insured's counsel objected to the non-jury trial and requested that the factual issues be submitted to a jury for determination. The court ruled that a bench trial without jury participation would begin that day.
The right to a jury trial is guaranteed under the Florida Constitution, Article I, Section 22. Furthermore, once a request for a jury trial is made, it cannot be withdrawn except by the consent of both parties. See Fla.R.Civ.P. 1.430(d). In this case the defendant/insured did not consent to withdrawal of the carrier's request for jury trial. On the contrary, the insured strongly opposed this last minute abandonment of the plaintiff's initial request for a jury trial. Appellee asserts there was no improper denial of a jury trial. Two main issues were presented during the proceedings. The initial question was whether there had been a material change in the insurance policy issued in 1975 or whether this policy was merely a renewal policy not requiring a new rejection or selection of UMI coverage. Under Section 627.727(1), Florida Statutes (1981), if an insured previously rejected UMI coverage or selected a lower limit, that selection will carry over to a renewal policy and a new selection is unnecessary. We conclude that the trial judge correctly decided this issue as a matter of law in the non-jury trial. The court held the policy to be a renewal policy which did not require a new selection or rejection. We affirm this finding. However, other factual questions were presented which required jury consideration. The second main issue in the case was whether a written selection form as to UMI coverage constituted a knowing waiver executed by the insured or his agent. During the trial the original rejection form was entered into evidence. The form contained the signature of the insured and some inappropriate markings in ink along with an indication as to a selection of lower UMI limits. This selection was indicated by *318 a penciled X mark which appeared inconsistent with both the selection and the writing in ink. There was a definite factual question as to the validity of the document and as to whether the insured made the markings. Conflicting evidence and the opinion of an expert witness were submitted on this issue. The question of whether an insured has knowingly rejected uninsured motorist coverage or knowingly selected coverage in a lesser amount than that which the insurer must make available is an appropriate jury issue. Kimbrell v. Great American Insurance Co., 420 So.2d 1086 (Fla. 1982), and Lumbermen's Mutual Casualty Co. v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978).
We therefore reverse the final judgment and remand for a jury trial on the designated issue. We have considered all other points raised on appeal and find them to be without merit.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GLICKSTEIN, J., and SMITH, RUPERT J., Associate Judge, concur.