450 So.2d 914 (1984)
F.R.W.P., INC., a Florida Corporation, Appellant,
v.
The HOME INSURANCE COMPANY, a Foreign Corporation, and a-1 Fargo Van & Storage, Inc., a Florida Corporation, Appellees.
No. 82-1344.
District Court of Appeal of Florida, Fourth District.
June 6, 1984.
John P. Kelly and W.M. O'Bryan of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Michael J. Kennedy of Peterson & Fogarty, P.A., West Palm Beach, for appellee, Home Ins. Co.
Michael J. Murphy of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellee, A-1 Fargo Van & Storage, Inc.
WESSEL, JOHN D., Associate Judge.
This appeal presents several issues, however, we need address only one. The trial court's denial of appellant's request for a *915 jury trial on each claim constituted reversible error and, therefore, we reverse and remand for new trial.
Appellant (FRWP) was the owner of improved real property that was leased as a warehouse to the appellee, A-1 Fargo Van & Storage, Inc. (A-1 Fargo). A-1 Fargo insured the property with the appellee, Home Insurance Company (Home). A fire totally destroyed the warehouse while insured by A-1 Fargo with Home. FRWP duly filed a proof of loss with Home. Home, however, refused to honor the request for proceeds. FRWP then instituted an action, containing a jury trial request, against Home for breach of contract and fraud.
Home answered and raised various affirmative defenses including doubt as to which entity, FRWP or A-1 Fargo, was entitled to the proceeds. Home also requested a trial by jury. Subsequently, Home filed a counterclaim against FRWP raising the same issues as its affirmative defenses. FRWP answered Home's counterclaim alleging that A-1 Fargo breached its lease contract, intentionally misrepresented that FRWP was not a beneficiary of the Home policy and had no insurable interest in the destroyed warehouse. Home also brought A-1 Fargo in as a third party defendant.
The action was set for jury trial, but at the pretrial conference on A-1 Fargo's ore tenus motion, the trial court bifurcated Home's counterclaim and third party claim against A-1 Fargo so as to determine each claim's request for declaratory relief without a jury. Ultimately, without FRWP's consent, the trial judge decided the numerous factual questions at issue.[1]
The trial court was undoubtedly correct to assume that the disposition of the counterclaim and the third party action, declaring the rights of and between the parties, would be "more orderly" disposed of in a non-jury trial. However, all of the issues presented, including those raised in the declaratory action, entitled FRWP to a jury trial.
In a declaratory action based on equitable claims, the right to a jury trial is directory (permissive). § 86.071, Fla. Stat. (1983); Gerstein v. "Pleasure Was My Business", 136 So.2d 8 (Fla. 3d DCA 1961); Rachleff v. Mahon, 124 So.2d 878 (Fla. 1st DCA 1960). However, when the action is based upon common law claims the right to a jury trial is mandatory. Olin's, Inc. v. *916 Avis Rental Car System of Florida, 131 So.2d 20 (Fla. 3d DCA 1961).
The issues raised by FRWP's complaint, the answer filed by Home which raised equitable defenses, Homes's counterclaim reiterating those defenses and the third party action against A-1 Fargo, clearly presented factual questions  including, a determination of the intent of the parties regarding the intended beneficiary when A-1 Fargo procured the fire insurance from Home and whether that intent changed  that should have been resolved by a jury.
Obviously, the issues involved in the instant action present both legal and equitable matters, however, we find they are sufficiently intertwined as to require resolution by jury. Construction Systems & Engineering, Inc. v. Jennings Construction Corp., 413 So.2d 1236 (Fla. 3d DCA 1982); Cheek v. McGowan Electric Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981); Napolitano v. H.L. Robertson & Associates, Inc., 311 So.2d 757 (Fla. 3d DCA 1975); Westview Community Cemetery of Pompano v. Lewis, 293 So.2d 373 (Fla. 4th DCA 1974); Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971). In addition, the trial court erred by deciding the third party and counterclaims itself without first obtaining each parties' consent. Petrou v. South Carolina Insurance Co., 435 So.2d 316 (Fla. 4th DCA 1983); see Fla.R.Civ.P. 1.430(d).
Accordingly, we hold that appellant was entitled to a jury trial and, consequently, we do not decide the other issues raised on appeal.
REVERSED and REMANDED for a jury trial.
ANSTEAD, C.J., and HURLEY, J., concur.
NOTES
[1] "FRWP, INC. (FRWP) contends it should recover as a third-party beneficiary of a contract of insurance issued by Home to A-1 Fargo Van & Storage, Inc., (FARGO) and paid for by FARGO on certain property owned by FRWP and under lease pursuant to a Lease Agreement to FARGO. Such right of third-party beneficiary, however, must be based upon the relationship and intent of the contracting parties, as tempered by operation of law establishing public policy, if any such exists.

"Whereas in the instant case, the initial intent of the contracting parties was to protect and thereby benefit FRWP, this Court finds that such intent clearly changed, however, when the existence of a second insurance policy issued by Hartford Insurance Company (Hartford) to FRWP became known to all the parties. Immediately thereafter, FARGO attempted to obtain cancellation of one or the other policy, since FARGO, pursuant to the Lease Agreement, was paying FRWP the amount of the insurance premium charged for the Hartford policy on the subject premises, which attempted cancellation both FRWP and HOME refused. Had cancellation occured and any premium refund been paid by either carrier, FARGO would have been entitled to the proceeds.
"FRWP, pursuant to the Lease Agreement, could have required greater coverage under the policy issued by Hartford, if the facts of cost and expense of replacement justified it. Indeed, FRWP need only have extended the limits on its existing policy with Hartford and billed FARGO for any increased premium. It is clear that FRWP set the terms of the Lease Agreement, drew the Lease Agreement and specifically declined to amend the Lease Agreement. FRWP is, therefore, bound by the Lease Agreement. "It is the further opinion of this Court that although FARGO did have an insurable interest in the leased premises besides and beyond business interruption and the other enumerated interests referred to at trial, such question need not even be reached to resolve the matter. In this case, the only party entitled to question such interest is HOME which has not done so and which would be clearly barred from doing so, having declined to cancel the policy after being put on notice of the existence of the Hartford policy issued to FRWP."