COBB, Judge,
dissenting.
The petitioners, James H. Fenner and Willingham & Fenner, Inc., seek certiorari review of a trial court order removing this case from the Jury Trial Docket and placing the case on the Non-Jury Trial Docket. The threshold issue is whether denial of the petitioners’ right to jury trial constitutes a departure from the essential requirements of law warranting such review. Based on controlling precedent from this court, the instant panel must answer that question in the negative. See Tucker v. Rudnianyn, 517 So.2d 785 (Fla. 5th DCA 1988). In Tucker we held that failure to grant a jury trial is not an order that cannot be completely remedied by a plenary appeal.
Our opinion in Tucker conflicts with the view of three other appellate courts, the First, Second, and Third Districts. See Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982); Freedman v. Alexander P. Rosin, M.D., P.A., 394 So.2d 241 (Fla. 1st DCA 1981); Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970). The Fourth District has taken the same view we subsequently adopted in Tucker. See Lindsey v. Sherman, 402 So.2d 1349 (Fla. 4th DCA 1981).
Upon further consideration, I am persuaded that we were wrong in Tucker and the view of our three sister courts is correct. As stated by Judge Mann in Sarasota-Manatee Airport Authority, there is no constitutional barrier to the grant of common law certiorari “where a clear departure from settled principle (right to trial by jury) threatens to prolong litigation needlessly.” Judge Nesbitt observed in Spring that certiorari was an appropriate remedy because “the denial of the right to jury trial is more than the denial of a constitutional right; it is the denial of a fundamental right recognized prior to the adoption of a written constitution.”
In my opinion, we should recede en banc from the position we took in Tucker and align ourselves with the view of the First, Second and Third Districts in regard to this issue. In the meantime, we should at least acknowledge the conflict and certify it to the Florida Supreme Court. I believe we should grant certiorari in the instant case and quash the order of the trial court, which allowed one party to withdraw a demand for jury trial without the consent of all parties contrary to the express provisions of Rule 1.430(d) of the Florida Rules of Civil Procedure. See also, Laing v. Fi *431 delity Broadcasting Corporation, 436 So.2d 959 (Fla. 5th DCA 1983).