POLEN, Judge.
Southern Farm Bureau Mutual Insurance Company (Farm Bureau) appeals a final judgment ordering it to pay the stipulated value of property taken from its insured, Pro Lockshop, Inc. We reverse because the trial court determined a factual'issue without a jury, despite Farm Bureau’s demand for jury trial.
Pro Lockshop was incorporated by Paul Goodell and Lynn Thomas, who served as the corporation’s sole officers and employees. In the midst of negotiations regarding sale of the business, Goodell allegedly became concerned regarding Thomas’ actions. Goodell responded by taking certain property as his share of the business, without Thomas’ consent.
Following the loss of this property, Pro Lockshop filed a claim under its commercial fire insurance policy, which Farm Bureau denied, prompting Pro Lockshop to initiate the underlying declaratory judgment action. In pertinent part the subject policy excluded coverage for losses caused by “pilferage, appropriation or concealment of any property covered due to any fraudulent, dishonest or criminal act of any employee while working or otherwise, or agent of any Insured, or any person to whom the property covered may be entrusted.” (Emphasis added.)
The trial court granted Pro Lockshop partial summary judgment on the issue of whether it had “entrusted” the stolen property to Goodell, but found the issue of whether Goodell was an “employee” of Pro Lockshop at the time of the theft was a factual issue to be resolved by trial. Although Farm Bureau timely demanded jury trial of all issues, and Pro Lockshop noticed the case for jury trial, the trial court nevertheless issued an order setting non-jury trial on the remaining factual issue. Farm Bureau’s motion to strike the order was denied. Following a bench trial, the court determined Goodell was not an employee at the time of the theft and held Farm Bureau liable on the policy.
When a declaratory action is brought under chapter 86, issues of fact are tried as in other civil actions. § 86.071, Fla. Stat. (1995). The right to jury trial is limited to issues traditionally triable by jury at common law, but as to those issues, the trial court has no discretion to deny a requested jury trial in a declaratory action. Olin’s, Inc. v. Avis Rental Car Sys. of Fla., 131 So.2d 20 (Fla. 3d DCA 1961); F.R.W.P., Inc. v. Home Ins. Co., 450 So.2d 914 (Fla. 4th DCA 1984).
In Petrou v. South Carolina Insurance Co., 435 So.2d 316 (Fla. 4th DCA 1983), this court reversed a final judgment, where a factual issue regarding whether the insured knowingly rejected uninsured motorist coverage or elected an amount less than the amount the insurer was required to make available, was tried without a jury over the insured’s objection. Id. at 318.
In the instant ease the trial court correctly determined Goodell’s status as an “employee” was a factual question on which there was conflicting evidence, which should be resolved by trial. Farm Bureau timely asserted its right to a jury trial, and the trial court lacked discretion to deny Farm Bureau that right.
We note our reversal and remand for a jury trial is limited to the issue of Goodell’s employment status at the time of the theft. We reject Farm Bureau’s contention the trial court erred in ruling as a matter of law Pro Lockshop had not entrusted the stolen property to Goodell, in that there was no material factual dispute as to that issue. Our decision renders moot Farm Bureau’s remaining points on appeal.
The final judgment is reversed and this cause is remanded for a jury trial on the issue of Goodell’s employment status at the time of the theft.
PARIENTE and STEVENSON, JJ., concur.