962 So.2d 993 (2007)
YER GIRL TERA MIA, Trust, et al., Appellant,
v.
Henry WIMBERLY, Jr., et al., Appellee.
No. 5D06-3883.
District Court of Appeal of Florida, Fifth District.
August 3, 2007.
Terry Ingram, Trustee, North Lauderdale, pro se.
*995 John F. Sproull, Palatka, for Appellee.
MONACO, J.
The sole issue in this appeal is whether the trial court erred in denying the appellant's request for a jury trial with respect to its counterclaim. Because we conclude that the court should have accorded the appellant a jury trial before considering the non-jury issues presented by the pleadings, we reverse.
An extensive recitation of the underlying facts of this case is unnecessary. The appellees brought suit to set aside an agreement for deed. The appellant responded by filing an answer, affirmative defenses and counterclaim. The counterclaim, which was in four counts, consisted of an action to quiet title to real property, a suit for damages for fraud, an action for "set-off and damages," and a suit seeking damages for breach of contract. The counterclaim specifically demanded trial by jury on all issues so triable.
When the case was at issue, the trial court set it for non-jury trial. The appellant objected to a non-jury trial, pointing out that it had demanded a jury trial, and again asked that the case be set for resolution before a jury. The trial court determined, however, that the more logical sequence was to try the matters sounding in equity first, and proceeded with the non-jury trial.
At the trial the appellant once again renewed its demand for jury trial. When that request was denied, the appellant apparently presented no testimony during the non-jury proceeding. At the conclusion of the trial the trial court rendered a judgment for the appellees essentially voiding the deed that was the center of the controversy. Appellant thereafter appealed.
Section 22 of the Declaration of Rights contained within the Florida Constitution begins by declaring that "The right of trial by jury shall be secure to all and remain inviolate." See also Amend. VII, U.S. Const. Rule 1.430, Florida Rules of Civil Procedure also provides that "The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate." In the present case while the complaint is one in equity not requiring a jury trial, several of the counterclaims are unquestionably suits at law seeking damages, the traditional realm of the civil jury trial. Thus, the issue with which we must come to grips, then, is how to secure inviolate the right of jury trial when it is intermixed with an equitable cause of action. Fortunately, this question has been addressed by the appellate courts of Florida on a number of earlier occasions.
In Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982), disapproved of on other grounds, 720 So.2d 214 (Fla. 1998), for example, a party brought an action seeking to foreclose a second mortgage. The opposing party filed a counterclaim seeking damages for fraud and misrepresentation and also requested a jury trial on all issues so triable. The trial court, however, placed the entire cause on the court's non-jury calendar. The Spring court cited to Adams v. Citizens Bank of Brevard, 248 So.2d 682, 684 (Fla. 4th DCA 1971), in which the Fourth District Court held that:
[I]f a compulsory legal counterclaim entitles the counter-claimant to a jury trial on issues which are not common to any issue made by the equitable complaint, the trial court should proceed to try the equitable issue non-jury with appropriate provision made for a jury trial as to the law issues if disposition of the equitable issues does not conclude the case. But where the compulsory counterclaim entitles the counter-claimant (upon timely demand) to a jury trial on issues which are sufficiently similar or related *996 to the issues made by the equitable claim that a determination by the first fact finder would necessarily bind the latter one, such issues may not be tried non-jury by the court since to do so would deprive the counter-claimant of his constitutional right to trial by jury.
(Citation omitted).
The Third District Court found in Spring that the issues involved in the counterclaim or fraud claim were sufficiently similar to the issues in the foreclosure action stated in the complaint to require a jury trial of the claim at law before the equitable claims could be reached. Only after a jury verdict on the common law issues could the trial court dispose of the equitable issues that were remaining.
The rule that has evolved is that even where a complaint lies solely in equity, the filing of a compulsory counterclaim seeking remedies at law entitles the counterclaimant to a jury trial of the legal issues, if one is asked for. See Widera v. Fla. Power Corp., 373 So.2d 714 (Fla. 2d DCA 1979); Adams; Sarasota-Manatee Airport Auth. v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970). See also Hightower v. Bigoney, 145 So.2d 505 (Fla. 2d DCA 1962), reversed, 156 So.2d 501 (Fla.1963). Accordingly, if the issues involved in an action are both legal and equitable in nature, the legal issues will require resolution by a jury if they are sufficiently intertwined and if a timely demand is made. See F.R.W.P., Inc. v. Home Ins. Co., 450 So.2d 914 (Fla. 4th DCA 1984); Construction Sys. & Eng'g, Inc. v. Jennings Constr. Corp., 413 So.2d 1236 (Fla. 3d DCA 1982), review denied, 426 So.2d 26 (Fla.1983). Similarly, if the issues involved in a complaint and counterclaim are intertwined and raise legal and equitable claims, a jury trial should likewise be afforded on all issues triable by jury. See Padgett v. First Fed. Sav. & Loan Ass'n of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979); Napolitano v. H.L. Robertson & Assocs., Inc., 311 So.2d 757 (Fla. 3d DCA 1975). We conclude that this rule applies to the instant facts.
In the present case the complaint sought to set aside and strike a recorded agreement for deed on land that was in the possession of the appellant. While this appears to be equitable in nature, it is based on the appellees' assertions that the recorded version of the agreement was based on fraud and was, in fact, a forgery. The first count of the counterclaim seeks to quiet title to the land that is the subject of the agreement for deed described in the complaint. In a common law quiet title suit under ordinary equity practice neither party would have a right to a jury trial and a jury verdict. If, on the other hand, a jury trial were accorded, the verdict would only be advisory. In some instances, however, Florida's quiet title statute specifically authorizes a trial by jury. Section 65.061(1), Florida Statutes (2003), provides in pertinent part that:
. . . [I]f any defendant is in actual possession of any part of the land, a trial by jury may be demanded by any party, whereupon the court shall order an issue in ejectment as to such lands to be made and tried by a jury. . . .
Thus, in Westview Community Cemetery of Pompano Beach v. Lewis, 293 So.2d 373 (Fla. 4th DCA 1974), one of our sister courts held that because a defendant on the counterclaim was a defendant in actual possession of the land in question, either party was entitled to a jury trial on the issues presented.
Moreover, counts 2 and 3 of the counterclaim were actions for damages for fraud and breach of contract, both of which are common law actions for damages. As both causes of action are intimately intertwined with the equitable claim contained in the complaint, there is little question *997 but that the appellant was entitled to a jury trial on the issues raised by these counts in advance of any nonjury trial on equitable matters.
Finally, there is no question but that the appellant preserved this issue for review. The appellees candidly admit preservation of the error, noting that, "Appellees do not argue that the Appellant's [sic] did not timely and properly set forth their demand for jury trial on those issues triable by jury and that the Appellant's [sic] have not waived that right."
Thus, while we fully appreciate the learned trial court's logic in trying the equitable claim first by nonjury trial, that procedure does not square with the requirements of the governing constitutions and statutes. Accordingly, we reverse the final judgment and remand this matter for a jury trial on all issues triable by jury.
REVERSED and REMANDED.
THOMPSON, J., concurs.
PALMER, C.J., dissents, without opinion.